## Call *against* Foresman.

In slander, the charge was thus laid : " You have taken a false oath against me in a suit before Squire H., and swore me out of some money, (thereby meaning in a suit against the said J. before P. H., *Esquire*, he, the said plaintiff, had sworn falsely and committed perjury.") *Held*, that this was a sufficient averment of the magisterial character and jurisdiction of P. H. The court will take notice of the import of words in popular parlance.

ERROR to *Northumberland* county.

This was an action on the case for slander by James D. Foresman against John Call in which a verdict and judgment were rendered for the plaintiff for 75 dollars. The words were thus laid in the plaintiff's declaration: "You" (the said James, meaning) "have before this taken a false oath for your father against me" (the said John Call, meaning) "in a suit before Esquire Housel, and swore me out of some money;" (thereby meaning in a suit by the father of the said James D. against the said John Call, before Philip Housel, Esquire, he, the said James D. Foresman had sworn falsely and committed perjury, in behalf of his father, and to the injury of the said John Call).

The question in the cause was whether the words and inuendoes were sufficiently set out.

*Greenough*, for plaintiff in error, cited Ward *v.* Clark, 2 *Johns.* 10; Packer *v.* Spangler, 2 *Binn.* 60; Tipton *v.* Kahle, 3 *Watts* 90.

*Hepburn*, contra, cited M'Clurg *v.* Ross, 5 *Binn.* 218; Shaeffer *v.* Kentzer, 1 *Binn.* 542; Thompson *v.* Leech, 2 *Watts* 22; Hays *v.* Bryerly, 4 *Watts* 392; Rue *v.* Mitchell, 2 *Dall.* 58; *Cowp.* 277; Bornman *v.* Boyer, 3 *Binn.* 518.

PER CURIAM.—This case is, in all respects but one, the same as Rue *v.* Mitchell. In that, the presiding magistrate was expressly averred to be a justice of the peace. " You have taken a false oath before Squire Rush, (meaning that the said plaintiff had committed perjury before William Rush, Esquire, *one of the justices of the peace*, &c.") Such were the words and the inuendo. Here they are: "You have, before this, taken a false oath for your father against me in a suit before Squire Housel, and swore me out of some money, (thereby meaning in a suit by the father of the said James against the said John before Philip Housel, *Esquire*, he, the said James, had sworn falsely and committed perjury.") The express averment of magisterial character is, therefore, wanting. But its office is, at most, only to show with more certainty, the existence of jurisdiction. It, however, by no means necessarily shows it.

[Call v. Foresman.]

The jurisdiction of a justice is limited, not only in its amount, but in the range of its objects; and to call the presiding magistrate a justice, is just as far from saying he had jurisdiction in the particular cause, as to call him, in popular language, a squire.  There was no averment of jurisdiction in Rue *v.* Mitchell; and it would, therefore, seem to be inferrible from the imputation of perjury as a consequence of it.  Beside, the import of the word esquire, or squire, is, in popular parlance of which the courts will take notice, precisely the same as that of justice; and in this respect, too, the difference is but a formal one.

Judgment affirmed.