## Sacchetti, Appellant, *v.* Fehr.

*Libel—Plea—Justification—Measure of proof—Evidence—Charge— Act of April* 11, 1901, *P. L.* 74.

Where a plea of justification has been entered in an action for libel, the burden is on the defendant to satisfy the jury by his evidence that the publication was substantially true in every material respect, but he is not required to produce proof that would establish the guilt of the plaintiff beyond a reasonable doubt, and that would warrant his conviction in a criminal court.

Under the Act of April 11, 1901, sec. 2, P. L. 74, proof "to the satisfaction of the jury as in other cases " means proof as in other civil cases by a preponderance of evidence.

Argued March 11, 1907. Appeal, No. 222, Jan. T., 1906, by plaintiff, from judgment of C. P. Northampton Co., Dec. T.,

476          SACCHETTI, Appellant, *v.* FEHR.

1904, No. 41, on verdict for defendant in case of Onofrio Sacchetti v. Oliver L. Fehr.    Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ.    Affirmed.

Trespass for libel.    Before SCOTT, J.
The opinion of the Supreme Court states the case.

The court charged in part as follows:
[He is not required to produce a measure of proof to satisfy you beyond a reasonable doubt that would be sufficient to convict this plaintiff of a criminal offense, if it did charge a criminal offense under the statute, if he were upon trial in a criminal court; he must satisfy you by the weight of the evidence.] [1]
[If you find that the defendant has satisfied you by the full measure of proof, as I have described it, then that ends this controversy, and your verdict must be for the defendant.] [2]
Verdict and judgment for defendant.    Plaintiff appealed.

*Errors assigned* were above instructions, quoting them.

*George W. Geiser*, for appellant.—The court should have instructed the jury that evidence of the same strength was necessary as would convict the plaintiff in a criminal prosecution for perjury, and also what constituted such evidence: Steinman v. McWilliams, 6 Pa. 170; Burford v. Wible, 32 Pa. 95; Gorman v. Sutton, 32 Pa. 247.

*E. J. Fox*, with him *J. W. Fox*, for appellee.

PER CURIAM, April 1, 1907:
The single question raised by the assignments of error relates to the measure of proof required to sustain a plea of justification in an action for libel.    The instruction by the learned trial judge to the jury was that the burden was on the defendant to satisfy them by the evidence that the publication was substantially true in every material respect, but that he was not required to produce proof that would establish the guilt of the plaintiff beyond a reasonable doubt and that would warrant his conviction in a criminal court.    Section 2 of the Act of

April 11, 1901, P. L. 74 provides that : " In all civil actions for libel the plea of justification shall be accepted as an adequate and complete defense, when it is pleaded and proved to the satisfaction of the jury as in other cases, that the publication is substantially true and is proper for public information or investigation, and has not been maliciously or negligently made." Proof to the satisfaction of the jury " as in other cases " means proof as in other civil cases by a preponderance of evidence, and whatever the rule may have been before, that is the measure of proof now required.

The judgment is affirmed.