# Bayuk *v*. Keinath, Appellant.

' *Slander—Charging persons with crime—Function of court and jury.*

In an action for damages for the utterance of false and defamatory words, it is not of the essence of a plaintiff's right to recover that he must lay and prove words which, clearly and unmistakably of themselves charge the commission of an infamous crime.

In an action for slander where it appears that the defendant in a dispute over a bill with plaintiff said publicly "this is not the first time you have done me," it is not error for the trial judge to leave it to the jury to determine whether the defendant in using such words intended to charge the plaintiff with being a thief and a fraud.

Argued Nov. 23, 1915. Appeal, No. 259, Oct. T., 1915, by defendant, from judgment of C. P. No. 2, Philadelphia Co., March T., 1911, No. 3418, on verdict for plaintiff in case of Rose Bayuk v. Albert Keinath. Before RICE, P. J., ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ. Affirmed.

Trespass for slander. Before SULZBERGER, P. J.

The statement of claim charged the defendant with slander, the words alleged being, "this is not the first time you have done me," the innuendo being that the defendant intended to charge the plaintiff with having cheated and defrauded him, and that he imputed and charged the plaintiff with personal dishonesty.

The court charged in part as follows:

"He (defendant) must be guilty of having used the offensive words that she said he used, and you must find that they were meant to charge her with fraud. If you find that, as I say, you can give substantial damages." (1)

Verdict and judgment for plaintiff for $100. Defendant appealed.

394      BAYUK *v.* KEINATH, Appellant.

Assignment of Error—Opinion of the Court. [63 Pa. Superior Ct.

*Error assigned* was portion of charge as above quoting it.

*Trevor T. Matthews,* for appellant.—Under the authorities in Pennsylvania the words used are not actionable per se: Gosling v. Morgan, 32 Pa. 273; Weirebach v. Trone, 2 W. & S. 408; McClurg v. Ross, 5 Binn. 218; Pittsburgh, Etc., Pass. Ry. Co. v. McCurdy, 114 Pa. 554; Lukehart v. Byerly, 53 Pa. 418.

*Albert H. Coggins,* for appellee.—Serious slander may be accomplished by language which in itself is ambiguous, but which by reason of the circumstances of its utterance, conveys a sinister meaning: Farley v. Ranck, 3 W. & S. 554; Kay v. Freigal, 3 Pa. 221; Vanderlip v. Roe, 23 Pa. 82; Aspell v. Smith, 134 Pa. 59; Price v. Conway, 134 Pa. 340; Wise v. Lewandouski, 19 W. N. C. 158.

OPINION BY HEAD, J., July 18, 1916:

In an action for damages for the utterance of false and defamatory words, it is not of the essence of a plaintiff's right to recover that he must lay and prove words which, clearly and unmistakably of themselves, charge the commission of an infamous crime. If the contrary were true, a cause of action would arise only from the utterance of words slanderous per se, and neither a colloquium nor an innuendo would have a place in the pleadings in such actions. The law has already recognized that charges highly defamatory in their nature and purpose could be effectively made by the use of language, ambiguous, equivocal, of doubtful meaning, or, as some of the older cases express it, colorable. Hence the necessity in proper cases of a colloquium to describe the situation of the parties; of an innuendo to express the particular meaning which the defendant had in mind in using the words complained of.

All that need be said as to the proper function of the

innuendo and its legal limitations has been stated by Mr. Justice MESTREZAT in the recent case of Naulty v. Bulletin Co., 206 Pa. 128: "The purpose of an innuendo, as is well understood, is to define the defamatory meaning which the plaintiff attaches to the words; to show how they come to have that meaning and how they relate to the plaintiff: Price v. Conway, 134 Pa. 340.......It is the duty of the court in all cases to determine whether the language used in the objectionable article could fairly and reasonably be construed to have the meaning imputed in the innuendo." It follows that if the words are, under all of the circumstances surrounding their utterance, susceptible of the injurious meaning ascribed to them by the plaintiff, the case must go to the jury who will determine whether or not they were actually used in the sense and with the meaning imputed to them.

In the present case it appears the plaintiff and defendant had a dispute as to the amount of a laundry bill owed by the former, she claiming the defendant was insisting upon charging her too much money and refusing to deliver her property to enforce his unwarranted demand. In the course of this altercation she charges the defendant publicly used the following expression of and concerning her, to wit:—"This is not the first time you have done me," (innuendo) "meaning thereby that plaintiff had cheated and defrauded him, and imputing and charging the plaintiff with personal dishonesty." At the trial the learned judge submitted the case to the jury in a charge, the pith and substance of which may be found in this brief excerpt therefrom:—"If you come to the conclusion that he did not mean to charge her with being a thief and a fraud, then you find a verdict for the defendant. If you come to the conclusion he did use words that could fairly be interpreted to mean that, then you are to find a verdict for the plaintiff, and if you find a verdict for the plaintiff, you may give her substantial damages." One of the assignments of error complains of this language used by the learned trial judge. Unless,

however, it became his duty to take the case from the jury and give a binding direction for the defendant, we can see nothing in the manner of the submission which injuriously affected the latter. The first assignment is overruled.

We may concede the words laid and proven are not actionable per se, and neither the plaintiff nor the learned court below took that view of them. But we are of opinion that, under the circumstances detailed, this language was ambiguous and equivocal and capable of carrying to those who heard it the imputation set out in the innuendo. The expression quoted savors of what purists in the use of our tongue would term "slang." But in a living and developing language, vigorous words and phrases, full of meaning to those who coin them, are being constantly adopted into the speech of the people, before they are recognized and accepted by the makers of books. They lose nothing of their native strength or significance on that account. In such cases the legal principle that should control the action of the trial judge is plain enough; its application to the facts of a particular case is often attended with doubt or difficulty. We cannot say the learned trial judge was in error in submitting the case to the jury. A binding direction for the defendant would therefore have been unwarranted, and the second assignment of error must be overruled.

Judgment affirmed.