# Abersold *v.* Marcus et al., Appellants.

*Libel—Ambiguous expressions—Case for jury.*

1. Where words of an alleged libel are ambiguous, and reasonably capable of two meanings, one of which is actionable, and the other innocent, it is for the jury to say in which sense the words were uttered or understood.

2. The following language is ambiguous and the case accordingly for the jury: "He [plaintiff], while acting as our [defendants'] agent, collected money for our house and solicited business for us, which he turned over to one of our competitors."

Argued October 13, 1921. Appeal, No. 119, Oct. T., 1921, by defendants, from judgment of C. P. Allegheny Co., Oct. T., 1920, No. 811, on verdict for plaintiff, in case of Charles E. Abersold v. J. Marcus and B. Marcus, et al. Before MOSCHZISKER, C. J., FRAZER, WALLING, SADLER and SCHAFFER, JJ. Reversed.

Trespass for libel. Before EVANS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,000 on which judgment was entered for $2,000. Defendants appealed.

*Errors assigned,* inter alia, were instructions recited in opinion of Supreme Court, quoting record.

*Charles H. Sachs,* of *Sachs & Caplan,* with him *J. J. Goldsmith,* for appellant.—The case was for the jury: Pfeifly v. Henry, 269 Pa. 533; Mengel v. Reading Eagle Co., 241 Pa. 367; Stoner v. Erisman, 206 Pa. 600.

*W. Heber Dithrich,* with him *H. Fred Mercer,* for appellee, cited: Wood v. Boyle, 177 Pa. 620; Collins v. Pub. Co., 152 Pa. 187; Price v. Conway, 134 Pa. 340; McIntyre v. Weinert, 195 Pa. 52; Holland v. Flick, 212 Pa. 201.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1922:

This is an action of libel; plaintiff recovered a substantial verdict, which the court below reduced; judgment was then entered thereon, and defendant has appealed, complaining of instructions given by the trial judge to the jury.

The alleged libel was contained in a letter, written by defendants to some of their customers, reflecting on plaintiff, who had been in their employ as salesman.

The material part of the communication reads: "He [plaintiff], while acting as our agent, collected money for our house and solicited business for us, which he turned over to one of our competitors." The court, in its charge, said to the jury: "It charges the plaintiff with having collected money and turned it over to competitors of the defendants, and having solicited business for the defendants and then turned that over to the defendants' competitors......There is no attempt to justify the statement in this letter that the plaintiff has collected money for the defendant firm and turned it over to their competitors......As I stated to you, the charge that he had collected money is a libelous charge, and as there is no attempt to justify it in this case, I charge you as

matter of law that so far as that communication is concerned this letter is a libel."

Defendants contend the court gave a wrong construction to the writing; that the meaning is not such as the court assigned to it; that at least the meaning is ambiguous and, this being so, it was not for the court, but for the jury, to construe the language and determine what it means.

It will be noted the words do not charge the plaintiff with appropriating defendants' money to his own use; given the strongest construction against defendants which can be ascribed to them, they charge that he did the very unusual, indeed well nigh unheard of thing of collecting their money and turning it over to their competitors; but, defendants say, this is not the meaning to be taken from the language used at all; "which he turned over to one of our competitors," they argue, refers to the business which he solicited, not the money he collected, or, if this be not the true meaning, and if the statement as to the money and the soliciting of business are to be taken together, then it is, that, while collecting money for defendants, as their agent, he solicited business in their name, which he turned over to one of their competitors. Defendants,—asserting the language is ambiguous and of doubtful import,—urge that its meaning was for the jury, not the court.

We are constrained to the conclusion that the language is of doubtful meaning; it is not such as where "Standing alone the common understanding of mankind takes hold of the published words, and at once, without difficulty or doubt, applies a libelous meaning to them"; it is only when this is the case that "they are to be so construed as a matter of law": Mengel v. Reading Eagle, 241 Pa. 367, 370. Long ago we said: "It is the province of the jury, and not of the court, to construe words of dubious import": Per Gibson, C. J., in Hays v. Brierly, 4 Watts 392. "Where the words used are ambiguous in their import, or may permit,—in their construction, con-

nection or application,—a doubtful, or more than one, interpretation, and in some sense be defamatory, the question whether they are such is for the jury under proper instructions from the court": 17 Ruling Case Law, title Libel and Slander, section 184. "It is true, the question, as to the sense in which the words are used, is generally for the jury, but that question like all others which fall within the cognizance of a jury, is one of fact and must be determined upon proper proof; if words are reasonably capable of two meanings, one of which is actionable and the other innocent, it is for the jury to say in which sense the words were uttered or understood": Pittsburgh, Allegheny & Manchester Passenger Ry. Co. v. McCurdy, 114 Pa. 554, 558. The Supreme Court of the United States, in Baker v. Warner, 231 U. S. 588, 594, thus stated the principle: "It was for the jury and not for the court to determine the meaning of ambiguous language in the published article. Where words are libelous per se the judge can so instruct the jury, leaving to them only the determination of the amount of damages......The meaning of the words was in dispute, and as that issue of fact was not submitted to the triers of fact, a new trial must be ordered."

We are not to be understood as saying that the jury, under proper instructions, may not interpret the letter as the court in its charge did; all we decide is that the meaning of the words, because of their ambiguity, is for the jury, not the court.

The assignments of error are sustained and judgment is reversed with a new venire.