## McCormick, Appellant, *v.* Weinstein.

*Libel—Words not per se defamatory—Unequivocal words—Innuendo.*

In an action for libel the liability of the defendant does not depend upon his unexpressed intention, but on the meaning of the language used.

An unequivocal denial of liability for an alleged debt, stating that payment had been made to the plaintiff as agent imputes no crime to him.

The mere statement that payment had been made in that manner did not necessarily imply that the money had been misappropriated by the plaintiff.

An innuendo cannot be used to change the ordinary meaning of words pleaded and give them a construction which they do not bear.

Argued December 11, 1922. Appeal, No. 259, Oct. T., 1922, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1920, No. 708, for defendant, non obstante veredicto in the case of John McCormick v. Phillip Weinstein. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for libel. Before FIN-LETTER, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,000. Subsequently the court, on motion, entered judgment for defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was in granting defendant's motion for judgment non obstante veredicto and entering judgment for the defendant.

*Julius C. Levi* and *David Mandel, Jr.,* for appellant.— The law will not permit a person to go unpunished who slanders the reputation of another by finesse: Bornman v. Boyer, 3 Binney, 515.

The jury were the proper judges of the intent with which the words were spoken: Dottarer v. Bushey, 16 Pa. 204; Abersold v. Marcus et al., 272 Pa. 199.

*B. D. Oliensis,* and with him *S. P. Cohen,* for appellee. —An innuendo cannot be used to introduce new matter, or to enlarge the natural meaning of the words, and thereby give to the language a construction which it will not bear: Naulty v. Bulletin Co., 206 Pa. 128.

OPINION BY HENDERSON, J., March 2, 1923:

It was averred in the pleadings and shown by the evidence that a Mr. Baum was indebted to the defendant in the sum of $40 for the storage of automobiles; that inadvertently he sent a check to the defendant for $90 in payment of the bill; that on discovering the mistake he made demand on the defendant for the return of the amount overpaid which the latter did not comply with, whereupon he placed his claim in the hands of his attorneys who on April 14, 1920, sent to the defendant a letter as follows:

"Dear Sir:

"We represent Louis S. Baum to whom you sent bill in March in the sum of $40.

"In error Mr. Baum made the check in the sum of $90. You used this check, well knowing that the amount due you was $40.

"You have been requested to refund the $50 to which you are not entitled and we are advised you pay no attention to our client's demands.

"We shall await your remittance in the sum of $50 until Friday, the 16th inst. at 12 o'clock noon, otherwise we shall take such action as the facts will warrant.

"Yours very truly,
                    "Levi & Mandel."

To which the following reply was returned:

                    "April 22, 1920.
"Messrs. Levi and Mandel,

"In reply to your letter in regards to Mr. Baum, we wish to inform you that the balance of Fifty Dollars was paid to Mr. McCormick chauffeur in cash at the time he paid the storage.

"Respectfully yours,
                    "Phillip Weinstein."

The plaintiff was Mr. Baum's chauffeur and the action is for damages growing out of what is claimed to be def-

amation of the plaintiff because of the statement in the Weinstein letter. It is alleged by innuendo that the letter was an accusation that the plaintiff had appropriated $50 of his employer's money to his own use and that the defendant intended to convey the impression that the plaintiff was guilty of larceny. After the verdict the court entered judgment for the defendant and the question is presented whether the letter referred to will sustain the action. It is plain that it is not per se defamatory. It was appropriately addressed to Baum's counsel and was explanatory of the defendant's relation to the transaction. It simply denies liability, but imputes crime to no one. It is not contended that it would sustain an action without an innuendo, but this cannot be used to change the ordinary meaning of the words pleaded and thus give them a construction which they do not bear. If the law were otherwise, a strained and unreasonable meaning could be attached by innuendo, and expressions perfectly harmless in themselves could be used to the great prejudice of those responsible for them. If the language be dubious or susceptible of various constructions, one of which is actionable, this may be averred by innuendo, but a meaning cannot thereby be attached to words which are unequivocal and will not in ordinary understanding bear such construction: Price v. Conway, 134 Pa. 340; Naulty v. Bulletin Co., 206 Pa. 128; Abersold v. Marcus et al., 272 Pa. 199. The liability of the party does not depend on his unexpressed intention, but on the meaning of the language used. It will be observed that the letter was in reply to that of Mr. Baum's counsel and was responsive to their demand for the payment of the money. There is nothing in the language used from which it could reasonably be inferred that the writer intended to accuse Mr. McCormick of larceny or Mr. Baum of intending to cheat. One inference is as fairly deducible as the other if we are to resort to our imagination. If the money had been paid to McCormick no imputation would reasonably arise there-

from that he had stolen it. Moreover, the letter was written concerning an account in which the defendant was interested and he had a right to state his side of the case without liability to an action if he did so in terms that were not in themselves libelous. It was the duty of the court therefore to determine whether the words of the letter sustained the innuendo. If they did not there was no question to be considered by the jury. The conclusion reached by the trial judge we think fully supported by the law applicable to the pleadings. There is no warrant for the contention that the language used in the letter can be interpreted by a conversation between the defendant and Mr. Baum had a considerable time afterward. The letter was addressed to Levi & Mandel the conversation was with another person. The letter is the only cause of complaint set forth in the declaration and the case must stand on the construction to be applied to it.

At the trial the defendant denied that he wrote the letter to Levi & Mandel and in this he was corroborated by his brother who testified that he wrote it without the knowledge of the defendant; that he was working with his brother; that he was familiar with the transaction and that he wrote the reply without consultation with him. There does not appear to be any contradiction of this evidence and in that state of the case the defendant would not be liable for the particular phraseology of a letter which he did not see before it was posted.

We are of the opinion that the case was correctly disposed of. The judgment is affirmed.