# Davis *v.* Cauffiel, Appellant.

*Evidence—Contract in writing—Evidence of date—Parol evidence varying writing.*

1. It is always within the power of parties to prove the actual date of the execution of a writing or its delivery, even though it be different from the date inserted in the writing itself.

2. Such evidence is not objectionable as being within the rule forbidding contradiction of a writing by parol evidence.

*Contract—Purchase of stock—Statement as to profits—Evidence —Accord and satisfaction—Case for jury.*

3. In an action of assumpsit to recover back money paid for corporate stock, where it appears that defendant promised to rebuy the stock if it did not pay plaintiff three times the amount his farm was making for him, plaintiff need not show what his farm paid, if he proves that the stock in fact produced nothing.

4. In such case, where defendant claims that he transferred other stock to plaintiff and that its acceptance was an accord and satisfaction, and plaintiff claims that this transaction was a mere gift, and that, in accepting such stock, he expressly declared to defendant he did not waive his claim as to the stock which he had purchased, the case is for the jury.

*Appeal—Practice—Trial—Charge—General exception—Act of May 11, 1911, P. L. 279.*

5. The Supreme Court will not reverse because of mere inadequacy of the charge, when only a general exception is taken, even since the Act of May 11, 1911, P. L. 279.

Argued October 4, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 74, March T., 1926, by defendant, from judgment of C. P. Cambria Co., Sept. T., 1925, No. 556, on verdict for plaintiff, in case of T. J. Davis v. Joseph Cauffiel. Affirmed.

Assumpsit to recover money paid for stock. Before REED, P. J., O. C., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,841.67. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*J. J. Kintner,* of *Stephens & Kintner,* with him *Philip N. Shettig,* for appellant.—It was incumbent on plaintiff to show the earning power of the farm owned by him in Indiana County before he could hold defendant liable.

The exchange of stock which plaintiff held in the Copper Tungsten Co., for stock in the Columbia Coal & Power Co. was an accord and satisfaction: Christie v. Craige, 20 Pa. 430; Hosler v. Hursh, 151 Pa. 422; Flegal v. Hoover, 156 Pa. 276; Fink v. Bank, 178 Pa. 154; Laughead v. Coke Co., 209 Pa. 368; Meaker Galvanizing Co. v. McInnes, 272 Pa. 561.

*Frank P. Barnhart,* for appellee.—The fact that the stock certificates for the 565 shares were dated December 22, 1917, did not exclude evidence that the transaction actually occurred in the spring of 1918: Curtin v. Gas Co., 233 Pa. 397; Green v. Green, 255 Pa. 224, 232; Miller v. Rubber Co., 268 Pa. 51, 60, and Hannauer v. Surety Co., 279 Pa. 345, 348.

The evidence was sufficient to show the stock did not produce more than plaintiff derived from his farm.

There was a valid consideration for defendant's contract to repurchase.

OPINION BY MR. JUSTICE FRAZER, November 22, 1926:

In March, 1917, defendant, who was interested in, and acting as fiscal agent for, a mining company called the Copper Tungsten Company, induced plaintiff to purchase 1,200 shares of the company's capital stock, agreeing, according to plaintiff, that if plaintiff became dissatisfied with the investment, he, defendant, would re-

turn plaintiff's money with interest.  In the spring of 1918 defendant induced plaintiff to purchase 565 additional shares of the same stock, under an oral promise that if the stock did not pay twice or three times what plaintiff's farm in Indiana County was making, defendant would buy back, not only the stock then purchased, but that which had been purchased in March, 1917, with interest.  Subsequently defendant informed plaintiff he was having trouble with the company and offered to turn over to the latter as a present, to "make something" for him until the affairs of the Copper Tungsten Company were "straightened out," shares of stock in the Columbia Coal & Power Company and in the Penn-Tex Gas Company, in both of which defendant was also interested, promising plaintiff that he would still retain his holdings in the Copper Tungsten Company, and "everything just the same as ever."  The stock of the latter company proved to be without value.  Defendant denied having promised to repurchase the Copper Tungsten shares; also denied that the stock of the Columbia Coal & Power Company and Penn-Tex Gas Company was intended as a gift, and claimed the transfer was made in exchange for the Copper Tungsten stock and constituted an accord and satisfaction of the original transaction. The jury found these disputed facts in favor of plaintiff and rendered a verdict in his favor.  The court below having refused to either grant a new trial or enter judgment n. o. v. for defendant, this appeal followed.

The liability of an agent who sells stock of a corporation under a personal guarantee to repurchase it under named conditions has been considered in the recent case of Roberts v. Cauffiel, 283 Pa. 64, which was an action against this same defendant under a similar guarantee to repurchase stock sold by him.  In view of what we said in that case, it is now necessary to determine only whether there is anything in the present record requiring a reversal of the judgment.

The first, second and third assignments of error are to the admission of testimony of plaintiff and two of his witnesses as to what occurred at the time plaintiff purchased the second block of stock of the Copper Tungsten Company. The witnesses fixed the time as about March or April of the spring of 1918. The objection to the evidence is based on the ground that the testimony related, not to what was done and said at the time the stock was purchased, but to what occurred some time thereafter, and, accordingly, was not the inducing cause of the purchase. As proof of this, defendant refers to the fact that the date on the certificates representing this block of stock is December 22, 1917, and contends this date was conclusive as to the time the transaction took place and consequently excluded all evidence of conversations which the witnesses testified took place the following spring. The date on the stock certificate was not necessarily conclusive, however, but was open to contradiction by proof that the actual delivery of the certificate was in fact made at a later time. Evidence to show the true date was not objectionable as being within the rule forbidding contradiction of a writing by parol evidence. It is always within the power of the parties to prove the actual date of the execution of a writing or its delivery, even though it be different from the date inserted in the writing itself: Finney's App., 59 Pa. 398; Parke v. Neeley, 90 Pa. 52. Furthermore, the action in this case was not brought on the stock certificate, but on the parol agreement to repurchase the shares upon the happening of a contingency. The stock certificate was merely collaterally or incidentally in issue as being the subject-matter of the sale, and the rule excluding parol evidence to vary a writing had no application: Hanauer v. National Surety Co., 279 Pa. 345, 348, and cases there cited.

Plaintiff testified that at the time the second block of stock was purchased, defendant promised if the stock did not pay him three times the amount his farm in In-

diana County was making for him, defendant would pay back every dollar plaintiff had in the stock with six per cent interest. At the trial plaintiff, in answer to the question whether the stock had paid him three times what he had made on his farm, said, "It has never paid me anything at all, not one dollar. Q. Then it has not paid you three times what your farm has, you mean? A. No, sir." The record does not show that further question was raised during the trial concerning the sufficiency of this evidence, and plaintiff was not asked as to the income derived from his farm. In absence of contradiction, this evidence is prima facie sufficient to show that the contingency on which the promise to repay was to be carried out, to wit, the failure of the stock to make three times the sum plaintiff made on his farm, had actually happened. Defendant contends it was incumbent on plaintiff to show the actual amount of money his farm had made for him. This argument overlooks the fact that nothing at all was made out of the copper shares, and, consequently, the contingency was established by mere proof that the stock did not make three times as much money for plaintiff as he realized from his farm. If the stock produced nothing, regardless of what might have been made from the products of the farm, the stock did not produce a return of three times its yield.

It is further argued that the transfer to plaintiff of the stock of the Columbia Coal & Power Company and Penn-Tex Gas Company was in exchange for and in satisfaction of all claims of plaintiff on account of the stock of the Copper Tungsten Co., and that there was an accord and satisfaction which bars the present action. In view of the evidence, heretofore referred to, that this stock was turned over voluntarily by defendant as a gift because the copper shares purchased by plaintiff were not producing dividends, and that it was expressly stated by defendant at the time that plaintiff's rights with respect to that stock would not be affected, the

question was necessarily one of fact for the jury, which was properly submitted by the trial judge by affirming a point presented by defendant, to the effect that if plaintiff surrendered and cancelled the Copper Tungsten stock and accepted the other stock in exchange therefor, there could be no recovery by plaintiff on any promise made by defendant at the time he sold plaintiff the Copper Tungsten shares, with the qualification "unless defendant gave plaintiff said stock as a present." This qualification was not only proper but necessary in view of plaintiff's testimony.

Complaint is also made as to the insufficiency of the charge as a whole. Plaintiff took only a general exception to the instructions, and, under such exception, even since the Act of May 11, 1911, P. L. 279, it is still the rule that we will not reverse because of mere inadequacy of the charge: McCaffrey v. Schwartz, 285 Pa. 561, 568. It appears that, at the close of the case, the trial judge asked counsel whether there was anything to which they desired attention called, and received no response. We have considered the charge in view of the established practice and while it is somewhat indefinite in a few immaterial respects, considered as a whole it fairly submitted the facts to the jury.

The judgment is affirmed.