Gibney *v.* Bright Star Battery Co., Appellant.

Argued October 12, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Leonard J. Schwartz,* and with him *Fox, Rothschild, O'Brien and Frankel,* for appellant.

*H. Edgar Barnes,* for appellee.

OPINION BY TREXLER, P. J., January 25, 1933:

This is an action in assumpsit to recover commissions earned as a salesman. Plaintiff was admittedly employed by the defendant as a salesman at a fixed compensation per week, which was paid to him. In addition thereto he claims he was to receive a commission of 3% on certain merchandise which he handled and 2% on some other kind. The matter in controversy is that the defendant asserts that the commission was only to be paid when the sales made by plaintiff exceeded $90,000 per annum. Plaintiff denies that any such limit was fixed. The jury found in favor of the plaintiff. The defendant moved for a new trial, which was refused, the defendant appealed. It seeks to reverse the judgment on the ground that the charge of the trial judge was unduly favorable to the plaintiff. We have examined the charge and also noted the very full review of the charge by the judge, who considered the motion for a new trial, but who did not preside at the trial, and we are persuaded that the assignment is not well founded. The trial judge in his charge commented upon what each party claimed that the vital point was the determination of the question whether the commissions were to apply to all sales, or only to those that exceeded the sum of $90,000 per year, that the agreement was oral and was liable to misunderstandings, and that if the limit of $90,000 was fixed upon his sales before commissions were earned that the plaintiff was bound by such limitation even though the contract being oral he may have misunderstood defendant's officer. On the other hand, that although it appears that the other agents were limited to the $90,000 basis, that it is possible that the defendant's officer who made the contract might have inadvertently forgotten to mention this. The court went into the figures that were put in evidence and told the jury that the plaintiff had failed to show that

he had sold $90,000 worth of goods and that nothing was due to him unless they accepted his version of the contract. There was not much more that the court could say, as the matter turned upon the credibility which the jury attached to the parties who were present at the time of the making of the contract. We are not satisfied with the complaint that the charge, as a whole is unduly favorable to the plaintiff, is well founded. Every material feature of the demand of the plaintiff and of the demand of the defendant was called to the attention of the jury. We have not counted the words which the court used in referring to each party, nor is that the proper way to ascertain whether the charge is unduly favorable to either. As was stated in Dravo Contracting Co. v. Rees & Sons Co., 291 Pa. 387, 393; 140 Atl. 148. "An appellate court will not grant a new trial merely because the charge refers at greater length to the proofs on one side than to those on the other," and further on states, "Defendant [as in the present case] took only a general exception, which of course might be done under the Act of May 24, 1923, P. L. 439, but it is still the general rule that error cannot be assigned as to what was not said without a request to say it: Davis v. Cauffiel, 287 Pa. 420, 425; McCaffrey v. Schwartz, 285 Pa. 561; Gillet et ux., v. Yellow Cab Co., 87 Pa. Superior Ct. 365." Liacopoulos v. Coumoulis, 298 Pa. 329; 148 Atl. 474.

The other exception is that the court refused to call the attention of the jury to the fact as suggested by defendant's attorney, that the plaintiff did not deny the testimony of a witness to the effect that the plaintiff had said "he could not earn $90,000;" meaning presumably that he could not sell goods to the value of $90,000. The court was not required to refer to it for the plaintiff denied that he ever had a conversation with the witness, who testified to this. Plaintiff

was not required, when he absolutely denied any contact with the man, to deny certain allegations which were imputed to him by the witness.

We are all of opinion that there is no merit in the appeal. Judgment is affirmed.