## Halal v. The Bethlehem Globe Publishing Company

*F. B. Gernerd* and *A. E. Coleman*, for plaintiff.

*Snyder, Wert & Wilcox*, for defendant.

HENNINGER, J., October 21, 1935. — Defendant published in its Bethlehem Globe-Times, a daily newspaper published in Bethlehem, Pa., an article to the effect that

plaintiff and Joseph Barone, Jr., the plaintiff in a similar action, were being held as suspects in a hold-up and robbery at the Coopersburg Bank. In connection with the article were published photographs of the plaintiffs, on each of which there was a number (974 in the case of Halal; 973 in the case of Barone) in the lower right hand corner, and across the chest of each on his left side.

Plaintiff brought an action in libel averring that defendant had maliciously, wickedly, falsely, wilfully and without lawful cause published his picture as above described, and attached the entire article, including the pictures, as an exhibit. Plaintiff then avers that a custom exists to so photograph persons convicted of crime and that the photographs published conveyed to readers that plaintiff is a criminal and convicted of crime, which is false and malicious, and that the photograph, together with the article, conveys a meaning that plaintiff is a criminal and guilty of felony and a Coopersburg Bank robber.

Defendant filed a general demurrer and five special demurrers alleging: (1) The statement does not contain the article in its entirety; (2) the innuendo introduces new matter or seeks to enlarge the natural meaning of the words used; (3) the averments are contradictory; (4) innuendo would not establish legal cause of action because of the remaining averments in statement; (5) no averments constituting libel per se are included, hence the averment of damages is improper.

The first special demurrer is without foundation, for it does not show in what respect there is an omission, nor does the plaintiff's statement on its face indicate any omission.

We do not find the contradiction in the pleadings complained of in the third special demurrer. At the worst, plaintiff seems to have alleged two libelous statements in the article, namely, (1) that plaintiff is a convicted criminal; and (2) that he committed the Coopersburg Bank robbery. These, however, are not contradictory

and occurring in the same article, appended at defendant's instance, there is no harm in the joint averments.

The fourth special demurrer overlooks the main contention of the plaintiff. The basis of his action is that plaintiff has been falsely depicted by defendant as a convicted criminal, a felon, by reason of the publication of his photograph, bearing what he considers tell-tale numbers across his breast. In that paragraph of the statement, his complaint is not that defendant, through publication of this photograph, has falsely stated that he has been convicted of the crime forming the subject matter of the article, namely, the Coopersburg Bank robbery, but that defendant has falsely stated that the persons held as suspects in that robbery are ex-convicts.

In connection with the third and fourth special demurrers, attention is called to the case of Klumph v. Dunn, 66 Pa. 141, which holds that to maintain an action it is not necessary that all the words used are libelous. It is sufficient if, in the entire statement, libelous allegations are made.

If, by the fifth demurrer, defendant contends that, because the photograph requires extrinsic evidence in the nature of a colloquium or an innuendo or both to convey the meaning plaintiff gives it, then the libel, consisting of the publication of the photograph as explained by the colloquium of the custom of so photographing and the innuendo of the meaning given to such photographs, is not actionable per se, without averment of special damages, then its proposition is unsound.

In Bayuk v. Keinath, 63 Pa. Superior Ct. 393, it was held that the function of a colloquium is to describe the situation of the parties; that of an innuendo to express the particular meaning which the defendant had in mind in using the words complained of. While the opinion does not expressly so state, it is clear that general damages were given, though it required a colloquium and an innuendo to establish their slanderous character.

The test for the necessity of averment of special dam-

ages is not the presence or absence of a colloquium or innuendo, but the nature of the accusation charged by the libelous statement when proved.

Newell, in his Slander and Libel (4th ed.), sec. 745, states:

"In the vast majority of cases proof of special damage is not essential to the right of action. Thus, it is not necessary to prove special damage—(1) In any action of libel. (2) Whenever the words spoken impute to the plaintiff the commission of any indictable offense. (3) Or a contagious disease. (4) Or are spoken of him in the way of his profession or trade, or disparage him in an office of public trust. (5) Or a want of chastity; or adultery or fornication."

The Superior Court of Pennsylvania in Leitz v. Hohman, 16 Pa. Superior Ct. 276, quotes with approval passages from Odgers on Libel and Slander (Bl. ed.), 293*: "General damages are such as the law will presume to be the natural or probable consequence of the defendant's conduct. Such general damages will only be presumed where the words are actionable per se" and from the same source, page 297: "Special damage is such a loss as the law will not presume to have followed from the defendant's words, but which depends, in part at least, on the special circumstances of the case."

We cannot conceive of an action in libel in which special damages are given unless it contain a colloquium establishing wherein the special damage lies. But it does not follow that, wherever a colloquium must be established to prove applicability of libelous words to plaintiff, he must rely upon special damage. The contrary is shown in the case of Clark v. North American Co., 203 Pa. 346, where our Supreme Court, in a libel suit instituted by James Clark, held an accusation that John Clark had been arrested was actionable per se and the defendant answerable in general damages, though it required evidence outside the libelous article itself to show that

the plaintiff was referred to and that despite the misnomer his friends so understood it.

If, by the fifth special demurrer (remembering that plaintiff contends that the publication amounts to his being designated an ex-convict), defendant contends that such a statement, if false, is not so defamatory as to give rise to damages unless plaintiff show wherein any special damage has been done him, there is ample authority to the contrary.

Many years ago it was decided that for an accusation to be actionable per se, it was not necessary that the libeled person be put in fear of punishment, but that the accusation of his having done an act involving moral turpitude or attended by infamous punishment was sufficient.

In Klumph v. Dunn, supra, it was held libelous to accuse plaintiff in Pennsylvania of having had relations with a Negro wench some years before, while with Sherman's Army in Georgia. In Smith v. Stewart, 5 Pa. 372, the words "he is a convict and has been in the Ohio penitentiary" were held actionable, though there was no crime named or further punishment likely.

If, therefore, the publication of the photograph with numbers on it falsely accuses plaintiff of being an ex-convict, it is actionable per se and the fifth special demurrer would have to be overruled.

We take it that the second special demurrer directs our attention to the Act of April 27, 1927, P. L. 414, 19 PS §1403, permitting the photographing of persons arrested, even before conviction, and complains that these photographs in connection with the article establish the significance of the numbers on the photograph and that no innuendo may be introduced to enlarge that meaning.

If we could assume the article to be true, this proposition would be sound. The purpose of an innuendo is to define the defamatory meaning which the plaintiff attaches to the words, to show how they come to have that

meaning and how they relate to plaintiff: Naulty v. Bulletin Co., 206 Pa. 128.

The court, however, has the right to take judicial notice of the import of words in their common usage: Call v. Foresman, 5 Watts 331; Rue v. Mitchell, 2 Dall. 58.

Hence, we would be compelled to note the law under which police photographs connote arrest, but not necessarily conviction. If plaintiff was actually arrested and held as a suspect in the Coopersburg Bank robbery, and if Charles Halal is actually known as Jimmie Lewis, the newspaper article accompanying the photographs would lend the significance to be attached to the photographs as simply police photographs of men actually suspected of robbery, and plaintiff could not introduce proof that certain persons understood it otherwise to enlarge the natural and actual meaning of the photographs: Pittsburgh, Allegheny & Manchester Passenger Ry. Co. v. McCurdy, 114 Pa. 554; McCormick v. Weinstein, 81 Pa. Superior Ct. 163; Liacopoulos v. Coumoulis, 298 Pa. 329.

We note, however, that plaintiff states that the photograph was published maliciously, wickedly, falsely, wilfully and without lawful cause and that he never was suspected of robbery.

Since this question is raised upon a demurrer, we must take as verity every allegation in plaintiff's statement which is not contrary to facts of which the court can take judicial notice: McIntyre v. Weinert, 195 Pa. 52.

Plaintiff has been exonerated of any implication in the Coopersburg Bank robbery, and the court's information to the effect that at one time before the real culprits were apprehended, he was suspected and held, is not the subject of judicial notice, and therefore, plaintiff's denial of having ever been suspected of robbery must stand until defendant proves the contrary, if it can do so.

Reading the statement or declaration as a whole in this light, plaintiff declares that defendant falsely and maliciously declared that plaintiff was suspected and held as a bank robber, when, as a matter of fact, he was

not so suspected. This would clearly be libelous and actionable without the allegation of special damage suffered: Clark v. North American Co., supra.

Since such a charge establishes a legal cause of action, the general demurrer will have to be overruled.

Now, October 21, 1935, the general and special demurrers to the declaration filed in the above entitled action are overruled and defendant ordered to answer and plead to said declaration.

From Edwin .L. Kohler, Allentown.