**deBrabander v. Lehigh Valley Industries, Inc.**

*E. Jerome Brose,* for plaintiff.
*Edmund P. Turtzo,* for defendant.

WILLIAMS, J., December 14, 1970.—This is an action based upon an employment contract in which both parties filed motions for a new trial limited to damages following the entry of a directed verdict for plaintiff.

Almost all of the testimony was uncontroverted and was to the following effect:

In the fall of 1965, plaintiff was approached by the manager of the Blue Ridge Division of Lehigh Valley Industries, Inc., and after discussions over a period of several months they reached agreement upon the terms of plaintiff's employment. Mr. deBrabander came to Bangor, Pa., and began work for defendant on December 1, 1965. On June 15, 1966, plaintiff signed an employment agreement "made as of December 1, 1965." The agreement provided for plaintiff's employment with defendant "commencing from date of execution of this agreement and continuing consecutively for a period of 36 months." The testimonium clause of the agreement provided: "IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals as the day and year first above written." The parties also signed a letter agreement dated June 15, 1966, which modified and supplemented the employment agreement. The letter referred to the "Employment Contract between ourselves of December 1, 1965."

On November 30, 1966, defendant, in consideration of plaintiff's extending his employment for one year, entered into a stock option agreement giving plaintiff the option to purchase 875 shares of defendant's

stock at $8.125 per share on December 1, 1967, and on December 1st of each of the years 1968 through 1970. Plaintiff exercised the option available to him on December 1, 1967.

On or about April 28, 1968, plaintiff's employment was terminated as of April 30, 1968. Defendant continued to pay plaintiff's salary for three additional months, through July of 1968. The testimony clearly indicated that plaintiff's discharge was not in accordance with the provisions of the employment contract and the trial court so ruled as a matter of law. Mr. deBrabander made various efforts to secure other employment and in so doing incurred expenses totaling $1,096.71. During the period up to June 15, 1969, he earned approximately $3,500.

On the theory that his 36-month term of employment began on June 15, 1966, and extended to June 14, 1969, deBrabander brought suit to recover the loss of salary for the period from August 1, 1968, to June 14, 1969,[1] his expenses incurred in seeking other employment, and for loss of the stock option installment exercisable under the terms of the stock option agreement on December 1, 1968.

At the conclusion of the testimony, the trial court, with the acquiescence of both parties, ruled that the interpretation of the employment contract was a question of law. The court held that plaintiff's 36-month term of employment began December 1, 1965, and terminated November 30, 1968, and directed a verdict for plaintiff for his loss of salary to Novem-

---

[1] Plaintiff did not seek damages for loss of salary or the stock option based upon the extension of his term of employment for one additional year, as provided in the stock option agreement, for the obvious reason that the option permitted termination of plaintiff's employment "for any reason."

ber 30, 1968, and for his costs and expenses in seeking employment. Plaintiff's motion was denied insofar as it related to the deprivation of salary from December 1, 1968, to June 14, 1969, and the loss of the stock option. The trial court's interpretation of the contract is alleged to be error.

Plaintiff contends that his employment was for a period of 36 months from June 15, 1966, the date when the employment agreement was signed by him, because paragraph 1 of the employment agreement provides that the relationship was to commence on the "date of execution of this agreement" and continue for 36 months. He relies upon the principle that "It is always within the power of the parties to prove the actual date of the execution of a writing, even though it be different from the date inserted in the writing itself": Davis v. Cauffiel, 287 Pa. 420, 423.

The illogical extension of plaintiff's argument is that, since the agreement refers to the date of execution, the actual date of signing is not only admissible but should be given effect by the court without reference to any other part of the instrument. While there may be occasions when such a construction is reasonable and permissible,[2] this is not such a case.

Although the research of neither counsel nor the court has disclosed any decisions factually similar to the present case, we concur in the trial court's ruling that, for the purpose of plaintiff's employment *and* the term of that employment, the parties fixed December 1, 1965, as the effective date. Thus, the employment agreement was dated "as of" that date

---

[2] See District of Columbia v. Camden Iron Works, 21 Supreme Ct. Rep. 680, cited in plaintiff's brief.

and executed "as of" the same date; both the letter modifying the agreement and the option agreement refer to the employment agreement "of December 1, 1965."

There is no evidence that plaintiff began his employment in December 1965, without a fixed term of employment which was then negotiated between December 1965 and June 1966, as in Gillian v. Consolidated Foods Corp., 424 Pa. 407. In fact, plaintiff testified that he had reached an accord with the president of the Blue Ridge Division of defendant as to the terms upon which he would come to work for the company prior to December 1, 1965. The only modification to the contract effected by the letter of June 15, 1966, related to plaintiff's moving expenses, vacation period and method of determining his reimbursement for loss on the sale of his home in Delaware where he was previously employed.

There is a presumption that a written contract contains the whole agreement between the parties, "that the language was not chosen carelessly, that the words were used with a purpose in view" and "that the legal consequences of the words used were intended": 8 P. L. Encyc., Contracts §145. Had the parties intended plaintiff's term of employment to begin in June 1966, it would have been a simple matter to so provide in the agreement or in the modifying letter.

It was competent for the parties to agree that the effective date of the term of employment should be one prior to its actual execution; and this, in our opinion, is what they did in executing the agreement "as of" December 1, 1965, when plaintiff's employment began. This conclusion is fortified by analogy to decisions interpreting insurance contracts where there may be a variance between the date of issuance

and the effective date of the policy. See Potts v. Metroplitan Life Insurance Co., 133 Pa. Superior Ct. 397, and decisions in 18 P. L. Encyc., Insurance §101. Plaintiff was entitled to recover his salary only for the months of August through November 1968.

Plaintiff urges that, even if the foregoing interpretation of the employment agreement is adopted, he is nevertheless entitled to damages for the value of the stock option installment which became available December 1, 1968. His reasoning is that, if the employment began December 1, 1965, in computing the period of 36 months, we are required to exclude the first day of the first month and include the last day of the period, thus extending the period of employment to and including December 1, 1968. Plaintiff relies upon section 40 of the Statutory Construction Act of May 28, 1937, P. L. 1019, art. III, sec. 40, 46 PS §540, and those decisions involving the computation of a period of time "from" a certain date. This argument is specious.

Section 40 of the Statutory Construction Act refers only to the interpretation of *laws* and refers to the method of computing a number of months "after or before" a certain day. Here the employment was "for" a period of 36 months beginning December 1, 1965. We are unable to conceive how such an employment would include the first day of the following month, especially since plaintiff clearly was paid for his services on the first day of the job. The inability to find any decision directly on point indicates its lack of merit. However, in numerous cases construing leases for a month or a year it has consistently been held that a "month" refers to the calendar month, begins on the first day and ends on the last day of the calendar month in question (37 P. L. Encyc., Time §§7, 8); numerous cases cited in 38 Vale

(Pa.), Time §§4, 5. We believe the only reasonable interpretation of the employment agreement is that plaintiff's employment terminated on November 30, 1968.

Having reached the above conclusions, it is unnecessary to consider plaintiff's right to recover or the measure of his damages for loss of the stock option, since he was not an employe on December 1, 1968.

At oral argument, defendant's counsel stipulated to withdrawal of its motion for a new trial if the court en banc sustained the trial court's interpretation of the contract. In any event, a review of the testimony demonstrates that defendant failed to sustain its burden to show that plaintiff failed to use reasonable efforts to find other employment after his discharge: Savitz v. Gallaccio, 179 Pa. Superior Ct. 589.

## ORDER OF THE COURT EN BANC

And now, December 14, 1970, the motions for a new trial filed by plaintiff and defendant are denied and dismissed.