# Welsh *v.* Dick, Appellant.

*Contract—Time as essence of contract—Waiver—Vendor and vendee.*

1. The right to insist upon time as the essence of a contract may be waived as effectually by implication as by express agreement, and whether there has been an implied waiver in any case depends upon whether the conduct of the party seeking to invoke the strict provision of the contract had been such as to lead the other party to believe he would not be held to it, but might, notwithstanding it, proceed to perform.

2. By a contract in writing dated May 11, 1906, plaintiffs agreed to sell land to the defendant. The contract provided that "The taxes and rents to be apportioned to the date of settlement which is to be within three months from this date, and time, it is hereby agreed, shall be of the essence of this contract." By a later writing dated August 4, 1906, the time for settlement was extended to September 20, 1906. On account of certain legal proceedings, which were necessary, the deed was not executed until November 3, 1906, and was not tendered until some months thereafter. There was evidence of acts and conduct not only of the defendant, but also of his authorized attorney after September 20, 1906, which were inconsistent with an intention on the part of the defendant to hold the plaintiffs to strict compliance with the contract, and indicated to them that he would still perform if they would. *Held,* in an action for breach of contract that the question of defendant's waiver of the time limit was for the jury.

3. In an action for the breach of a contract to sell land, where the contract was signed by the defendant himself, and there is no disclosure of any other person in interest than the defendant, it is proper for the trial judge to refuse to permit the defendant to show that he had no beneficial interest in the purchase of the property; nor is it error for the trial judge to refuse to permit the defendant to show that immediately after the execution of the contract he assigned it to another person, where there is no offer to prove notice of such assignment to the other parties, and where

the evidence, if admitted, would contradict a later act of the defendant in signing an extension agreement.

Argued Jan. 17, 1912. Appeal No. 226, Jan. T., 1911, by defendant from judgment of C. P. No. 5, Phila. Co., Sept. T., 1907, No. 2634, on verdict for plaintiffs in case of William L. Welsh and Virginia C. Welsh, to the use of Virginia C. Welsh, trustee under the will of Elvina L. Cartwright, deceased, v. John Dick. Before FELL, C. J., BROWN, MESTREZAT, STEWART, and MOSCHZISKER, JJ. Affirmed.

Assumpsit to recover purchase price of real estate. Before STAAKE, J.

The opinion of the Supreme Court states the facts of the case.

At the trial when Lewis Lawrence Smith, Esq., was on the stand the following question was asked him:

"By Mr. Jones:

Q. Do you know what was done by Mr. Dick with that contract immediately after its execution?

A. I do.

Mr. Brown: I object to this. ·

The Court: How long after its execution?

Mr. Jones: Dick assigned the contract immediately upon its execution to Harris.

The Court: Unless it is intended to show that immediately after the execution of the contract Dick assigned the contract and notice of the assignment was given to the other party, I cannot see the relevancy of it.

Mr. Brown: Not only notice but acquiescence.

Mr. Jones: It is contended here that Mr. Smith represented Mr. Dick.' There is no evidence that he represented Mr. Dick and we are put in the position of proving a negative proposition—of showing that Mr. Dick had no connection with the transaction except the formal part of signing the agreement, and that he assigned

it to Mr. Harris, and we wish to go further and show that Mr. Smith represented Mr. Harris.

The Court: If you will say to the court that you propose showing not only that Mr. Dick made the assignment, but that the fact of the assignment was promptly communicated to the other parties, I would not feel that I should sustain the objection to the evidence. But, if you mean to say that there was simply an assignment made of this contract which was kept entirely from the knowledge of the other party—and apparently, so far as the case has gone up to this time it is the first we have heard of such an assignment—and especially as it would contradict the act some months later of Mr. Dick in signing the extension agreement, I shall have to sustain the objection."

The defendant, John Dick, was asked this question:

Q. Did you have any beneficial interest in the purchase of this property?

(Objected to as irrelevant and immaterial.)

The Court: The difficulty I have is as to his contradicting the terms of his actual agreement. It is a question of law as to whether he had or had not a beneficial interest and whether any interest that any other person would have, would not be an interest which he would have to take through Dick.

Mr. Jones: What the question means is was he the principal or acting for somebody else in the transaction—I will frame it that way.

Q. Were you the principal in the transaction for the purchase of this property, or did you represent somebody else?

(Objected to.)

Mr. Brown: The paper speaks for itself. This cannot be relevant in this case as respects this plaintiff.

The Court: This is the man who has made this agreement, and if he had no beneficial interest I do not see how any other person could have under this agreement. I think I will have to sustain the objection.

Mr. Jones: My question is whether he was acting for himself in this transaction or as agent for somebody else. (Objected to.) (Objection sustained.) (Exception for defendant.)

Verdict and judgment for plaintiffs for $96,541.57. Defendant appealed.

*Errors assigned*, among others, were (1) refusal of binding instructions for defendant; (2) refusal of defendant's motion for judgment n. o. v.; (3, 4, 5) portions of charge quoting them; (6, 7) that the charge was inadequate and misleading, and (9, 10) rulings on evidence as above, quoting the bill of exceptions.

*John G. Johnson*, with him *James Collins Jones*, for appellant.—In this case the parties have made time of the essence of the contract, and it was, therefore, necessary for the plaintiffs to show their readiness to perform within the stipulated period: Dauchy v. Pond, 9 Watts 49; Westerman v. Means, 12 Pa. 97.

The fact that it does not appear that the defendant called upon the plaintiffs for performance within the stipulated time does not excuse the plaintiffs from showing their readiness to perform within such time.

The evidence in this case shows that the plaintiffs were not ready to perform until the time fixed for performance had expired, that is to say, until after the contract was dead by its own terms.

There is no evidence in this case on which the defendant can be charged as principal by Mr. Smith's acts of waiver.

*Francis Shunk Brown*, of *Simpson, Brown & Williams*, for appellees.—The defendant's claim that he was not the real purchaser but was acting for Enon M. Harris does not affect his liability under his contract: Beymer v. Bonsall, 79 Pa. 298.

The supplemental agreement extending the time for

settlement operated to waive the provision of the original agreement making time of the essence of the contract: Dauchy v. Pond, 9 Watts 49; Westerman v. Means, 12 Pa. 97; Forsyth v. North American Oil Co., 53 Pa. 168; McNish v. Reynolds, 95 Pa. 483; Margut v. Mut. Aid Society, 148 Pa. 185.

The conduct of defendant alone constituted a waiver as to the time for performance: Graham v. Dempsey, 169 Pa. 460; Packer Co. v. Mfg. Co., 157 Pa. 342; Com. v. Turnpike Co., 153 Pa. 47.

Where time for performance is of the essence of the contract, a party who does any act inconsistent with the supposition that he continues to hold the other party to his part of the agreement, will be taken to have waived it altogether: Forsyth v. Oil Co., 53 Pa. 168; McNish v. Reynolds, 95 Pa. 483; Margut v. Mut. Aid Society, 148 Pa. 185; Burchfield v. Alpha Process Co., 45 Pa. Superior Ct. 254; Moore's Estate, 191 Pa. 600; Webb & Co. v. Novelty Hosiery Company, 231 Pa. 297; Focht v. Rosenbaum, 176 Pa. 14; Dauchy v. Pond, 9 Watts 49; Westerman v. Means, 12 Pa. 97.

The acts of Mr. Smith clearly constituted a waiver of the condition as to time of performance. The acts of defendant amounted to a holding out to plaintiffs that he was represented in the negotiations by Mr. Smith; DeWitt v. DeWitt, 202 Pa. 255; Hubbard v. Tenbrook, 124 Pa. 291; Mecouch v. Loughery, 12 Phila. 416; McDowell v. Meredith, 4 Whart. Pa. 311; Kelsey v. National Bank, 69 Pa. 426; Berger's App. 96 Pa. 443; Wachter v. Assurance Co., 132 Pa. 428; Hotchkiss v. Roehm, 181 Pa. 65; Curtis v. Richards, 40 Pac. Repr. 57; Himes v. Herr, 3 Pa. Superior Ct. 124; McMahon v. Bardinger, 18 W. N. C. 112.

The defendant herein was in no position to rescind the contract because he had not demanded performance of the plaintiff nor himself tendered performance in his part: Boyd v. McCullough, 137 Pa. 7.

OPINION BY MR. JUSTICE BROWN, April 29, 1912:

The contract upon which this action was brought was entered into in writing May 11, 1906. By its terms the appellant agreed to purchase from the appellees a tract of land in Delaware county and to pay them for it $79,-000. The clause in the agreement upon which he relies for relief from the judgment recovered against him in the court below is as follows: "The taxes and rents to be apportioned to the date of settlement, which is to be within three months from this date, and time, it is hereby agreed, shall be of the essence of this contract." By a supplemental written agreement, dated August 4, 1906, the time for settlement was extended to Sepember 20, 1906. The appellees, however, did not tender a deed to the appellant until August 3, 1907, and the real question involved in this controversy between them is whether he had waived his right to insist that a deed should have been tendered to him on or before September 20, 1906, if he is to be compelled to pay for the property. The learned trial judge, though so requested, refused to direct the jury to return a verdict for the defendant, because the appellees had not performed their contract within the time fixed for its performance, and the finding was that he had waived the clause which provided that time was to be of the esssence of the contract.

The right to insist upon time as the essence of a contract may be waived as effectually by implication as by express agreement, and whether there has been an implied waiver in any case depends upon whether the conduct of the party seeking to invoke the strict provision of the contract had been such as to lead the other party to believe he would not be held to it, but might, notwithstanding it, proceed to perform. If in the case before us the conduct of the appellant after September 20, 1906, was inconsistent with an intention on his part to hold the appellees to strict compliance with the contract, and indicated to them that he would still perform

if they would, the jury were justified in finding that he had waived the clause upon which he now would stand. In support of their contention that the appellant had waived the performance of the contract within the specified time, the appellees submitted evidence, not only of what he himself had done, but of what had been done by Lawrence Smith, Esq., a member of the bar. who, they allege, was acting as his counsel. The instruction to the jury was that, if they should find that Smith had actually been acting for appellant, or that the latter had led the appellees to believe he was counsel for him, Smith's conduct might be regarded as a waiver of the appellant's right to be released from the contract under its time limit provision. We need not refer to all of the evidence submitted by the appellees as to the authority of Smith to act for the appellant. It is sufficient to say that certain portions of it justified the finding that he was either the actual counsel for the appellant or that the latter was estopped by his own conduct to deny Smith's authority to act for him. If Smith did have authority to act for him, his acts clearly constituted a waiver of the time limit in the contract.

A. J. Wilkinson, Esq., a member of the bar and counsel for the appellees, prepared the agreement of May 11, 1906, and on that day he and his clients met Smith and Dick, the appellant. Wilkinson submitted the agreement to Smith, who, after reading it, had some conversation with Dick, and Wilkinson was then informed that the agreement was all right. It was immediately signed by the parties, and Dick, in accordance with the terms of the contract, gave his check to one of the vendors for $1,000 in part payment of the purchase money. It was subsequently found necessary to get a decree of the Orphans' Court of Delaware County, authorizing or confirming the sale, and a petition for that purpose was presented to the court on June 21, 1906, to which was appended a draft of the land, furnished

to Wilkinson by Smith. It having become evident that
the decree could not be obtained within three months
from May 11, 1906, Smith, on July 21st, wrote Wilkin-
son as follows: "Upon an examination of the contract
between Mr. and Mrs. Welsh and John Dick I find that
the limit of the contract is rather definitely stated to be
three months and that time shall be of the essence of
the contract. I think under the circumstances that
while so far as you and I are concerned it will be en-
tirely satisfactory, it will be better to have Mr. Welsh
on the one hand in his own right and as attorney sign
an agreement or extension and I will have Mr. Dick on
the other side sign a similar agreement. If this meets
with your approval I would suggest that the time be
fixed as on or before September twentieth, unless you
prefer to have it go to the first of October, in which
event you are at liberty so to state it." On August 4,
1906, an agreement was signed by the appellees and the
appellant, extending the time for "settlement for the
premises" to September 20, 1906. Dick's signature to
this agreement was witnessed by Smith. The decree of
the Orphans' Court was not made until October 6, 1906,
and by it the conveyance was directed to be made, not to
Dick, but to Thomas B. Hartman, whose name had
been given by Smith to Wilkinson as Dick's appointee.
The original agreement provided that he might so ap-
point. After the sale was confirmed, Smith prepared
and sent a deed to Wilkinson for execution by his cli-
ents, the appellees, and they executed it on November 3,
1906—a month and a half after the expiration of the
time limit fixed by the supplemental contract of August
4, 1906. After the deed had been executed there were
several meetings, at which Smith and Wilkinson were
present, for the purpose of closing out the purchase,
and, though Dick had knowledge of these meetings, he
never notified Smith nor intimated to anyone else that
he no longer considered himself liable under the con-
tract. The question of Smith's authority to commit

Dick to a waiver of the time limit was, under all the evidence, for the jury, and that Dick's own waiver of it could not have been taken from them, calls for no discussion, in view of the testimony of Wilkinson, whose credibility was for the jury. He testified that on August 3, 1907, he tendered the deed to Dick, but it was not accepted, Dick expressing his regret that he had allowed himself to be used for the benefit of other parties in executing the contract. It may be well to note here that the appellees, at the time they contracted with the appellant, had no intimation that he was not acting for himself alone, and nothing done by them before or after September 20, 1906, was inconsistent with their right to hold him to the terms of the agreement. A day or two after the tender of the deed Wilkinson met Dick again and asked him what he was going to do "about the Welsh matter." His reply was, "I am trying to arrange the matter and hope to be ready in two or three days." The testimony of Wilkinson clearly tended to show a waiver by the defendant himself of the condition as to the time for performance.

The court below correctly held that the tender of the deed was good, if the testimony of Wilkinson was to be believed. True, the name of the grantee was Hartman, but he was named as the appointee of Dick, who had the right to appoint under the contract. The name of this appointee was inserted in the petition to the Orphans' Court at the request of Smith, presumably acting for Dick at the time the latter was still admittedly liable on the contract, and the deed was not declined because it had not been executed to the proper person.

The offers which are the subjects of the 9th and 10th assignments were properly excluded, for the reasons intimated by the learned trial judge in overruling them. The 6th and 7th assignments complain of the inadequacy of the charge. We find no merit in them. The case was essentially one of fact, and every question raised by the evidence went to the jury under full and

fair instructions, leaving them free to find for or against the defendant.

Judgment affirmed.