## C. Trevor Dunham, Inc., Appellant, v. Nemitz.

*Contracts — Performance —Extension of time—Notice—Waiver
—Rescission—Bailment lease.*

Where time for the performance of a contract is extended from time to time with no intention manifested to hold to literal performance, a party as a general rule cannot rescind without demand for strict compliance within a reasonable time.

Where payments on a bailment lease were accepted by the lessor without objection some time after the same became due, and there was evidence that the manager of the lessor company told the agent of the defendant that such payment would be acceptable, if made within the month after it became due, the case is for the jury to decide whether or not the lessor had waived the right to insist on strict performance, under the terms of the contract.

Argued October 15, 1923. Appeal, No. 244, Oct. T., 1923, by plaintiff, from judgment of C. P. No. 5, Phila. Co., March T., 1921, No. 5354, on verdict for defendant, in the case of C. Trevor Dunham, Inc., v. Samuel Nemitz. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Replevin to recover possession of an automobile. Before MARTIN, P. J.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict in favor of the defendant and judgment was entered thereon. Plaintiff appealed.

*Error assigned* was, among others, refusal of plaintiff's motion for judgment non obstante veredicto.

*Herbert Leonard Maris,* and with him *Edward O. Thomas,* for appellant.—The stipulation required payment of rental on the 8th of each month and was not waived by the acceptance of payments on subsequent dates: Hurt, Inc., v. Fuller Canneries Co., 269 Pa. 85;

Teufel v. Rowan, 179 Pa. 408; Atkinson v. Walton, 162 Pa. 219; Johns v. Winters, 251 Pa. 169.

*Leopold C. Glass,* for appellee, cited: Riddle Co. v. Taubel, 277 Pa. 95; Forsyth v. North American Oil Co., 53 Pa. 168; Price v. Beach, 20 Pa. Superior Ct. 291; Portland Ice Co. v. Connor, 24 Pa. Superior Ct. 493; Goff-Kirby Coal Co. v. Marine Coal Co., 31 Pa. Superior Ct. 60.

OPINION BY HENDERSON, J., December 12, 1923:

A corporation known as Fidelity Motors, Inc., delivered to the defendant an automobile on a bailment lease dated July 8, 1920, by the terms of which the lessor granted to the lessee the use of the automobile for the term of twelve months from the date thereof for the sum of $2,305.80 as full rental therefor. Of the above amount, $922.32 was paid on the execution of the lease. The balance became payable in monthly instalments of $115.29, payable on the 8th day of the subsequently occurring twelve months; it was further stipulated that on payment of the rent and compliance with the other provisions of the lease the automobile should, without further payment or bill of sale, become the property of the lessee. The lease was thereafter assigned to the plaintiff. Monthly payments were subsequently made up to and including the following March, but none of these were made on the date when the same became due by the terms of the lease. On the 15th day of April thereafter, the plaintiff issued a writ of replevin and took possession of the automobile on the allegation that default had been made by the defendant in making the monthly payments. The question presented at the trial was whether the defendant's right to the possession of the automobile had been lost by his failure to pay the monthly instalments on the days named in the contract. In addition to the fact that payments were made in each instance and accepted by the lessor without objection some

time after the same became due, there was evidence that the manager of the plaintiff company told the witness, who was acting on behalf of the defendant and made payments on the lease from time to time, that such payments would be acceptable if made within the month when the same became due.

Complaint is made that the trial court refused to give binding instructions for the plaintiff or to enter judgment non obstante veredicto. The subject for our consideration is, therefore, whether it was error for the court to instruct the jury that they might find from the evidence that the plaintiff had waived the letter of the contract with respect to the time of payment and that, if they so found, the plaintiff could not rescind the contract and forfeit the interest acquired by the defendant in the property. It appears that every payment made by the lessee was made after the date fixed in the contract, and that plaintiff received the same without protest or objection. This established a course of dealing between the parties well calculated to put the defendant off his guard with respect to the importance of promptness as to the time of payment. While the lessor had a right to insist on strict performance, he was equally at liberty to permit a variance; and if, in doing so over a considerable period, he put the lessee off his guard it would be inequitable that he insist on exact performance without notice to the defendant of his intention to require such performance in the future. The inequitableness of such action would be more evident where, as in this case, each payment increased the value of the defendant's interest in the property and diminished the interest retained by the lessor. If the position of the appellant may be maintained a designing person could indulge the lessee up to the time when the last payment became due and then insist on strict performance by which means he would secure practically all the money intended to be the price of the automobile and by a rescission of the contract retake the property itself. Such a forfeiture could not be en-

382, (1923).]          Opinion of the Court.

forced consistently with equitable principles, especially where, as in this case, the lessee was ready and willing to pay the balance due. In the recent case of Riddle Company v. Taubel, 277 Pa. 95, the court said "where time for the performance of a contract is extended from time to time, with no intention manifested to hold to literal performance, a party cannot rescind without a demand for strict compliance within a reasonable time." This is also the principle asserted in Forsyth v. North American Oil Co., 53 Pa. 168; Atkinson, Assignee, v. Walton, 162 Pa. 219; Portland Ice Company v. Connor, 24 Pa. Superior Ct. 493, and other cases.

The defendant's situation is strengthened by the evidence. The defendant was put off his guard as to the importance of payments on the respective dates by the plaintiff's statement that they would be acceptable if made at any time within the month. If he was thus lured into a sense of security the lessor should not be permitted to rescind or enforce a forfeiture without putting the defendant on notice of his intention so to do. It was for the jury to say what construction the parties put on the contract as to the necessity for prompt payment and whether the conduct of the plaintiff so misled the defendant that it would be inequitable to strictly enforce the agreement as to the time of payment. The case was submitted on a clear statement of the question involved, and we find no error in the action of the court.

The judgment is affirmed.