Gillett et ux. *v.* Yellow Cab Company, Appellant.

*Negligence—Automobile—Truck—Collision with—Damages—Evidence.*

In an action of trespass to recover damages for personal injuries and property damages, resulting from a collision between plaintiffs' automobile and defendant's truck at a street intersection, a bill rendered for repairs to plaintiffs' automobile and the cancelled check in payment thereof were properly admitted in evidence, where it appeared that the damage caused by the collision was sufficiently identified by the plaintiffs, and by mechanics who inspected the car the day following the accident and subsequently repaired it.

*Trials—Charge of court—Exceptions—Failure to except—Act of May 24, 1923, P. L. 439.*

The Act of May 24, 1923, P. L. 439, provides that a general exception shall not operate as an exception to any matters of fact inad-

vertently misstated by the court, unless the court's attention is called to the alleged misstatement prior to the taking of such exception. Counsel may not take his chances on a verdict and then, if it is adverse, complain of a matter which, if in error, would have been immediately rectified and made harmless.

While the litigant may except generally to a charge and, under such a charge, may assign any material matter that is so inadequately presented as to be calculated to mislead the jury or may raise the question as to the failure of the charge to present the general questions in the case, it is still the rule that error cannot be assigned to what was not said by the trial judge, without a request so to charge.

Argued October 20, 1925. Appeals Nos. 196 and 197, October T., 1925, by defendant, from judgment of M. C. Philadelphia County, No. 1164, February T., 1924, in the case of Merriman C. Gillett and Florence C. Gillett v. Yellow Cab Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover for personal injuries and property damage. Before WALSH, J.

The facts are stated in the opinion of the Superior Court.

Verdict in favor of each of the plaintiffs in the sum of $1,000 and judgment thereon. Defendant appealed.

*Error assigned* was, among others, the charge of the court.

*John V. Horan,* and with him *Marston and Sloan,* for appellant.

*Frank R. Ambler,* and with him *Harry S. Ambler, Jr.,* for appellee.

OPINION BY GAWTHROP, J., February 26, 1926:

Plaintiffs, husband and wife, have judgments against defendant in an action for personal injuries of the wife and property damage of the husband resulting from a collision of plaintiffs' touring car and one of de-

fendant's motor trucks at a street intersection. Defendant has appealed and presents three questions.

It is contended that there was error in admitting in evidence the bill rendered to Mr. Gillett for repairs to his car, and his cancelled check in payment thereof. The basis of this contention is that there was not sufficient evidence to show that the repairs were the result of the damage caused by the accident. It appears that the collision occurred in the early morning of Sunday, January 27, 1924, and that the car was towed forthwith to a police station nearby and later in the morning was removed by the employees of the Cadillac service station to their repair shop, where it was inspected the next day by mechanics who testified as to its condition. Our examination of Mr. Gillett's testimony describing the accident and the damage to his car and the testimony of the mechanics who inspected the car on Monday, and subsequently repaired it, has convinced us that there was sufficient identification of the damage caused by the collision with defendant's truck. The evidence was properly admitted.

It is urged that the learned trial judge erred in misstating the testimony of Mr. Gillett to the effect that defendant's truck was moving "at a high rate of speed," when in fact the witness stated that the truck was running from twenty to twenty-five miles per hour. No specific exception was taken to this part of the charge at the time it was delivered, the only exception taken being a general exception. The Act of May 24, 1923, P. L. 439, provides that a general exception shall not operate as an exception to any matters of fact inadvertently misstated by the court, unless the court's attention is called to the alleged misstatement prior to the taking of such exception. Counsel for defendant failed to comply with this requirement of the statute, although the learned trial judge, at the end of his charge, asked the respective counsel whether they had

anything to suggest. Counsel may not take his chances on a verdict, and then if it is adverse, complain of a matter which, if an error, would have been immediately rectified and made harmless: Com. v. David Ford, et al., 000 Pa. Superior Ct. 00.

Lastly, it is urged that the charge of the court below was inadequate in that there was an entire failure to charge upon the law applicable to the case where the paths of two approaching vehicles cross at the intersection of two public highways. The Act of June 30, 1919, P. L. 618, 695, announcing the rule governing the case where two vehicles approach an intersection at the same time, had no application here. Plaintiff's testimony was to the effect that they were not only first at the intersection but were more than half way across the intersecting street before defendant's car appeared within view. Defendant's evidence was to the effect that its truck was first at the intersection and practically stopped when it was run into by plaintiffs' automobile. The jury was instructed that, even though defendant's negligence was established, there could be no recovery by the husband if he was negligent in the slightest degree, and there could be no recovery by the wife if she as a passenger in her husband's car in any way entered into the hazard, if she was in a position to see danger and did not try to avoid it by calling the attention of the driver to that danger. This instruction is supported by the decisions. Although, as stated above, the trial judge invited suggestions from counsel at the end of his charge, appellant neither complained of the inadequacy here urged, nor submitted any requests for instructions on the law as to the duty of the driver of a vehicle approaching a street crossing. While a litigant may except generally to a charge and, under such an exception, may assign any material matter that is so inadequately presented as to be calculated to mislead the jury, or may raise the question as

to the failure of the charge to present the general questions in the case, it is still the rule that error cannot be assigned to what was not said by the trial judge without a request so to charge: Mastel v. Walker, 246 Pa. 65; Act of 1923, supra. After a careful review of the whole record, we are not convinced that there was any failure to present in the charge the real questions in the case.

All of the assignments of error are overruled, and the judgments are affirmed.