# Dravo Contracting Co. *v.* James Rees & Sons Co., Appellant.

*Contracts—Time limit—Waiver—Notice—Breach.*

1. Where the stated time for the completion of a contract has gone by, neither party can suddenly terminate it, without giving the other an opportunity to perform.

2. Permitting a party to go on with the work in a contract after the time limit for completion has expired will justify the finding of a waiver.

*Contracts—Breach—Damages—Profits—Overhead charges.*

3. Where a purchaser repudiates a construction contract before delivery, the seller is entitled to the profit he would have made if

the contract had been fully performed, and also the overhead charges in addition to the cost of labor for what had been done under the contract.

*Contracts—Breach—Modification of contract by parol—Waiver.*

4. In action for breach of contract to construct two steel hulls for vessels, where the purchaser countermanded the order before the seller had completed the work, the case is for the jury where defendant alleges delay and change of one kind of steel for another, and there is evidence of waiver of delay by plaintiff and of a parol modification of the contract by which the use of one kind of steel was allowed for another.

*Evidence — Monthly statements — Accuracy of statements accepted.*

5. The receipt by a party of monthly statements and their retention without objection, is a circumstance for the jury to consider as tending to show the accuracy of the statements.

*Contracts—Inability to purchase material—Evidence.*

6. Where it is claimed that a certain kind of steel was to be used under a construction contract, evidence that the builder bought such steel before the contract, cannot be used to prove the builder could have done so at a later date.

*Appeals — Statement of question involved — New trial — Discretion.*

7. A question not suggested in the statement of questions involved, will not be considered on appeal.

8. The discretion of the trial court in passing upon a motion for a new trial, will not be reversed except to correct a manifest abuse of discretion.

Argued October 6, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 125, March T., 1927, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1923, No. 350, on verdict for plaintiff, in case of Dravo Contracting Co., a New Jersey corporation, for use of the Dravo Contracting Co., a Pennsylvania Corporation, v. James Rees & Sons Co. Affirmed.

Assumpsit for breach of contract. Before SWEARINGEN, J.

The opinion of the Supreme Court states the facts. Verdict and judgment for plaintiff for $33,756.70.

*Errors assigned* were various rulings and instructions, quoting record.

*A. J. Loeffler,* of *Schreiner & Loeffler,* for appellant.— Where the parties to a contract by express stipulation make time of its essence, such provision will be enforced at law, and, by the weight of authority, even in equity: Westerman v. Means, 12 Pa. 97; Tiernan v. Roland, 15 Pa. 429; Doughty v. Cooney, 266 Pa. 337; Donnelly's Est., 272 Pa. 208; Osterling v. Frick, 284 Pa. 397.

The court erred in its charge in refusing defendant's second point, as to the measure of damages: United States v. Behan, 110 U. S. 338; Ætna Explosive Co. v. Alkali Co., 277 Pa. 392; Kahn & Feldman Inc. v. Herbert, 279 Pa. 440; Rees v. Bowers Co., 280 Pa. 474.

*Donald Thompson,* of *Calvert, Thompson & Berger,* with him *Charles B. Prichard,* for appellee.—After the Rees Co. let the time go by for the completion of the first steamboat hull, it could not rightfully stop the work without giving the Dravo Co. a reasonable time within which to finish: Welsh v. Dick, 236 Pa. 155; McGlinn v. Jackson, 86 Pa. Superior Ct., 562; Brackin v. Engineering Co., 283 Pa. 91; Boyd v. Hoffman, 241 Pa. 421; Burchfield v. Process Co., 45 Pa. Superior Ct. 254.

OPINION BY MR. JUSTICE WALLING, November 28, 1927:

On April 13, 1920, the Dravo Contracting Company, a New Jersey Corporation, the legal plaintiff, entered into a written contract with James Rees & Sons Company, a Pennsylvania corporation, defendant, by which the former undertook to furnish material and construct for the latter two steamboat hulls of the best open

hearth steel, galvanized, for the sum of $68,310. Both parties were engaged in ship building at Pittsburgh and the hulls were to be constructed according to specifications, etc., attached to the contract; one to be finished within five and one-half months and the other within six and one-half months from date of contract. On October 20, of the same year, neither of the hulls having been finished or delivered, defendant ordered plaintiff to quit work under the contract. Thereafter plaintiff brought this suit for damages for alleged breach of contract and recovered a verdict of $33,756.70, and, from judgment entered thereon, defendant has appealed.

The case turned almost entirely on disputed questions of fact and we find nothing in the record requiring a new trial. It was somewhat complicated by the fact that on the same day (April 13, 1920) the plaintiff entered into another written contract by which it agreed to construct eight steel barges for the defendant. After some delay, at the instance of defendant, the latter contract was completed and the barges accepted and paid for, except an item of interest to which we refer later. The barges contract was silent on the kind of steel to be used and each contract provided for partial payments on monthly estimates to be submitted as the work progressed. Defendant contended that there was an outside understanding that the barges were also to be of open hearth steel. In any event, plaintiff used annealed Bessemer steel, at least in part, in constructing the barges, and as above stated they were accepted by defendant.

It was plaintiff's contention that shortly after the date of the contracts its manager called defendant's attention to the great difficulty in obtaining open hearth steel and that defendant's general manager agreed verbally to such a modification of the hulls contract as to permit the use of Bessemer steel, in place of the open hearth steel specified. Plaintiff's president and manager both testified to this verbal modification, while defend-

ant's general manager as positively stated the contrary, and testified he had no knowledge of Bessemer steel being used under either contract until over a year later. His testimony was somewhat weakened by the fact that in his affidavit of defense, as originally filed, he states that application, as claimed, was made to him for leave to use the Bessemer steel but avers he did not assent thereto. In an amended affidavit of defense he denies such application and says the statement in the original was a mistake. The monthly statements submitted as to the hulls contract are silent as to the kind of steel being used, but the first statement as to the barges, submitted June 30, 1920, discloses the use of Bessemer steel. These steamboats and barges were intended for use on the Magdalena River in South America and evidence for plaintiff tended to show that for such purpose Bessemer steel, when softened by proper annealing, was equal to the best open hearth steel. This was contradicted on behalf of the defense. A considerable part of the steel used for the hulls was Bessemer steel and the trial judge instructed the jury, in effect, that the burden was on plaintiff to prove, by the weight of the evidence, a modification of the contract permitting such use, and unless it had done so there could be no recovery. That the trial judge emphasized the right of the parties to so modify the contract was not error.

The defendant was building the steamboats for Angel & Co., Inc., of New York, for its South American customers, who, because of their country's financial difficulties, ordered the construction stopped. That was the reason defendant gave plaintiff for stopping work under the contract; but in answer to this suit defendant averred a failure of plaintiff to complete the work within the specified time. True, under the contract one hull should have been finished some three weeks before the countermand and the other within two weeks thereafter, but this was not done. Treating time as of the essence of the contract, without deciding whether it

was so, there was ample to justify the jury in finding defendant had waived a strict compliance therewith. On August 10, 1920, defendant's general manager wrote plaintiff complaining of the delay in getting the work started and saying, inter alia, "You are going to be far behind on the boats," and expressing regret therefor, but making no suggestion that the work must be completed on the exact dates, or otherwise the contract would be breached. Then defendant permitted plaintiff to continue the work for three weeks after the time for delivery of the first hull and stopped it for an entirely different reason. Thereafter defendant requested a statement as to amount of work done, expenses incurred, etc., and, according to plaintiff's evidence, asked that the statement include profits on the job. Defendant's conduct was inconsistent with the contention that plaintiff had forfeited its rights by reason of the time limit. Having allowed the stated time to go by, neither party could suddenly terminate the contract without giving the other an opportunity to perform. See Riddle Co. v. Taubel, 277 Pa. 95; Hatton v. Johnson, 83 Pa. 219; Irvin v. Bleakley, 67 Pa. 24; McGlinn v. Jackson, 86 Pa. Superior Ct. 562; Dunham, Inc., v. Nemitz, 82 Pa. Superior Ct. 382; Burchfield v. Alpha Process Co., 45 Pa. Superior Ct. 254. Under all the facts in the case we are not persuaded that the defendant was prejudiced by the delay complained of. Permitting plaintiff to go on with the work after the time had expired would justify the finding of a waiver: Brackin et al. v. Welton Eng. Co., 283 Pa. 91; and see Welch v. Disk, 236 Pa. 155; Dunham, Inc., v. Nemitz, supra; 13 C. J. 689. No just criticism can be made of the instructions relating to damages. As there stated, plaintiff was entitled to recover for overhead charges in addition to the labor actually performed in connection with the work done under the contract (Lytle, Campbell & Co. v. Somers, F. & T. Co., 276 Pa. 409), also for such actual profit as plaintiff would have received on completion thereof:

Bates v. Carter Construction Co., 255 Pa. 200; Clyde Coal Co. v. P. & L. E. R. R. Co., 226 Pa. 391; Wilson v. Wernwag, 217 Pa. 82; United States v. Behan, 110 U. S. 338, and other cases. Furthermore, the 4th clause of sec. 64 of the Sales Act of May 19, 1915, P. L. 543, 562, provides that, where the purchaser repudiates the contract before delivery, the seller shall be entitled to the profit he would have made had the contract been fully performed.

Complaint is made that the charge as a whole was unduly favorable to the plaintiff. This we have carefully considered but are not satisfied the complaint is well founded. While it dwells at considerable length on plaintiff's contentions and proofs it does not ignore those of the defendant. Substantially every material feature of the defense is called to the attention of the jury and its requests, so far as proper, were affirmed. An appellate court will not grant a new trial merely because the charge refers at greater length to the proofs on one side than to those on the other, and that is about all that can be justly said here. While asking for a correction to which we will hereafter refer, counsel did not, when expressly given an opportunity, request further instructions on any branch of the case; hence, it is now too late to complain of mere inadequacy: Fern v. Penn. R. R. Co., 250 Pa. 487. Defendant took only a general exception, which of course might be done under the Act of May 24, 1923, P. L. 439, but it is still the general rule that error cannot be assigned as to what was not said without a request to say it: Davis v. Cauffiel, 287 Pa. 420, 425; McCaffrey v. Schwartz, 285 Pa. 561; Gillett et ux. v. Yellow Cab Co., 87 Pa. Superior Ct. 365.

The remark of the trial judge that the receipt by a party of monthly statements and their retention without objection was a circumstance for the jury to consider as tending to show their accuracy, was nothing of which defendant could complain. He did not say

the monthly statements, as to the hulls contract, designated the kind of steel, and, when counsel called his attention to the fact that they did not, the judge replied: "I think we stated that to the jury, and it was not contradicted on either side, but there was something said about the barge steel that was estimated." In this the judge was right, for the first barge statement, as above mentioned, referred to Bessemer steel.

Plaintiff had purchased much of the steel and fabricated some before defendant countermanded the order for the hulls. There was some evidence as to the cost and value of the steel and the loss plaintiff sustained thereon; hence, defendant's second request was properly refused. In an effort to salvage the loss, each party used some of the steel in question.

That defendant had purchased a quantity of open hearth steel shortly before making the contract in question did not tend to prove that plaintiff could do so at a later date, and that fact was properly excluded.

There was no error in rejecting the offer to show a parol understanding outside of the barges contract for the use of open hearth steel therein. Such fact, whether competent or not, was irrelevant to the hulls contract where such steel was expressly specified.

At defendant's request work on the barges contract was postponed for many months and there was long delay in payment of the amounts due according to the monthly statements, for which the plaintiff recovered an item of $1,100, as interest; whereby no injustice seems to have been done; but whether technically right or wrong we cannot decide as no such matter is suggested in the statement of questions involved. The discretion of the trial court in passing upon a motion for a new trial, as we have often said, will not be reviewed except to correct a manifest abuse of discretion, which does not appear in this case.

The assignments of error are overruled and the judgment is affirmed.