120

District Court, E. D. Pennsylvania.
Nov. 7, 1941.

Sylvia E. Detweiler and George H. Detweiler, both of Philadelphia, Pa., for plaintiff.

Jacob Boonin and Rebecca D. Boonin, both of Philadelphia, Pa., for defendant Cross.

John V. McDonald, of Philadelphia, Pa., for defendants Maher.

BARD, District Judge.

Peter Joseph Maher, a minor, was injured by the automobile of Frank O. Cross, who was insured against liability by the plaintiff insurance company. Some time thereafter plaintiff filed this action against Cross, Maher and his parents for a declaratory judgment that at the time of the injury to the minor defendant, Cross was carrying passengers for hire within the meaning of a provision relieving the insurer from liability under such circumstances.

Answers to the complaint were filed by the Mahers and by Cross, both of which denied that Cross was carrying passengers for hire at the time of the accident. In the concluding paragraph of Mahers' answer they stated: "Wherefore, the defendants Maher pray that the issues raised by the complaint and answer be submitted for determination by a jury as provided by the Act of Congress under which these proceedings are brought."

No endorsement demanding a jury trial appeared on this answer, however, and the answer of Cross contained no demand for jury trial by either prayer or endorsement. The case having appeared on the non-jury trial list several months later, defendants promptly filed petitions for a jury trial.

Section 38(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides: "Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be endorsed upon a pleading of the party."

While the endorsement of a demand for jury trial on the pleading would seem to be better practice, as it would tend to avoid such confusion as arose in the present case, I am of the opinion that the last paragraph of the Maher answer does constitute a demand in writing within the meaning of Rule 38(b).

Even if defendants had failed to make proper demand for a jury trial of the factual question presented, this court has discretion, under Rule 39(b) of the Federal Rules of Civil Procedure, to grant a jury trial in an action in which such a demand might have been made of right. In an action for a declaratory judgment by an automobile liability insurer to determine its liability under its policy a jury trial may be had as of right. (American) Lumbermens Mutual Casualty Co. of Illinois v. Timms & Howard, Inc., et al., 2 Cir., 1939, 108 F.2d 497. Under the circumstances of this case, I think defendants should be permitted a jury trial.

Petitions granted.