**SOFARELLI BROS., Inc., v. ELGIN et al.**

**No. 4947.**

Circuit Court of Appeals, Fourth Circuit.

July 22, 1942.

E. B. McCahan, Jr., of Baltimore, Md. (Washington Bowie, Jr., of Baltimore, Md., on the brief), for appellant.

Benjamin B. Rosenstock, of Frederick, Md., and J. Kemp Bartlett, Jr., of Baltimore, Md. (Bartlett, Poe & Claggett, of Baltimore, Md., on the brief), for appellees.

Before PARKER, SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

Sofarelli Brothers, Incorporated (hereinafter called Sofarelli), had a contract with the Housing Authority of the City of Frederick, Maryland, to construct buildings known as the Lincoln Apartments. Sofarelli, general contractor, entered into a contract with W. Lee Elgin, trading as Potomac Heating and Supply Company (hereinafter called Elgin), whereby Elgin, subcontractor, on June 14, 1940, agreed to furnish all necessary labor and material for a complete plumbing and heating system for the Lincoln Apartments, for a consideration of $27,500. The United States Fidelity and Guaranty Company of Baltimore, Maryland, (hereinafter called Fidelity), executed a bond on behalf of Elgin and in favor of Sofarelli, in the amount of $14,000. conditioned that Elgin would indemnify and save harmless Sofarelli from any pecuniary loss resulting from the breach of terms, covenants, and conditions of the contract. One of the conditions of the sub-contract was that Elgin would complete the job on or before November 15, 1940.

A civil action by Elgin against Sofarelli in the Circuit Court for Frederick County, Maryland, was duly removed by Sofarelli to the United States District Court for the District of Maryland. Sofarelli also filed in the District Court a third-party complaint, naming Fidelity as third-party defendant, in which Sofarelli sought judgment against Elgin and Fidelity for the excess costs incurred in the completion of the work involved in the sub-contract by Sofarelli. In accordance with the verdict of a jury, judgment was entered in the District Court for $2,128.68 in favor of Elgin and against Sofarelli. From this judgment Sofarelli duly appealed to our Court.

We proceed, then, to notice the five questions raised in this appeal: (1) The ordering of a trial by jury; (2) the sufficiency of the evidence to support the verdict; (3) overhead expenses as an item of damages; (4) the admission in evidence of a letter of Rosenstock, counsel for Elgin; (5) the validity of the time limitation in the bond as to suits thereon.

(1) Ordering of Trial by Jury.

Sofarelli urgently contends that Judge Coleman committed reversible error in ordering a trial by jury. At the call of the docket, counsel for Sofarelli stated that Sofarelli did not desire a trial by jury. The case was set for trial on December 3, 1941. On that date, the court being in open session, counsel for Elgin stated that on October 4, 1941, he had written a letter to the Clerk that he (counsel) would not attend the preliminary call, that any date set for trial would be satisfactory, and asking for a trial by jury. This letter could not be found and there was no further evidence to show its receipt by the Clerk. Counsel for Sofarelli argued that no written notice had been served on him and that he had prepared for trial before the court rather than for

trial by jury. Further argument followed-by Sofarelli's counsel against, by Elgin's counsel for, trial by jury. Whereupon Judge Coleman remarked: "I am disposed to allow a jury, and if it develops there are only legal questions, why then, of course, it will be taken from the jury."

We append Rule 38(b) and (d) and Rule 39(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c:

Rule 38. Jury Trial of Right:

"(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party. * * *

"(d) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."

Rule 39. Trial by Jury or by the Court: "(b) By the Court. Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

And Rule 7(b) (1), as to motions, provides: "An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."

It might be noted, too, that ten days before the trial, argument was heard in the chambers of Judge Coleman on a motion, filed by Elgin and Fidelity, for an order that the deposition of Peter Sofarelli be not taken by Sofarelli, and one of the grounds contained in this motion was: "He should be required to appear in person, so that the Court *and jury* may have the benefit, not only of his sworn testimony, but to observe his attitude and demeanor upon the witness stand." (Italics ours.)

■ Unquestionably it would have been better procedure had counsel for Elgin, desiring trial by jury, complied strictly and formally with the provisions of the Rules of Civil Procedure. We are convinced, however, that there has been a compliance with the spirit of the Rules, and that, under all the circumstances of the instant case, Judge Coleman committed no reversible error in directing a trial by jury. This holding seems to be in line with the last sentence of Rule 1 of the Federal Rules of Civil Procedure: "They [the rules] shall be construed to secure the just, speedy, and inexpensive determination of every action."

The authorities are not altogether agreed as to the power of a federal judge, purely on his own initiative without any request from parties or their counsel, to order a trial by jury in a civil action. See Moore's Federal Practice, Vol. 3, p. 3030, against such power; Ohlinger's Federal Practice, Vol. 3, p. 524, in favor of such power. And see, generally in this connection, Alfred Hofmann, Inc., v. Textile Machine Works, D.C., 27 F.Supp. 431; Krussman v. Omaha Woodmen Life Insurance Society, D.C., 2 F.R.D. 3; Allstate Insurance Co. v. Cross, D.C., 2 F.R.D. 120; Hargrove v. American Central Insurance Co., 10 Cir., 125 F.2d 225.

We do not think the instant case falls within the category of the trial judge acting purely on his own initiative. The letter written by Elgin's counsel to the Clerk of the District Court, the statement in the motion of Elgin's counsel to have Peter Sofarelli testify in person so that the court and jury might observe his demeanor, the oral argument before Judge Coleman, in which counsel for Elgin and counsel for Sofarelli both took an active part—all of these taken together—form, in our opinion, a demand for a jury that is sufficient to satisfy at least the spirit of the Federal Rules of Civil Procedure.

### (2) Sufficiency of the Evidence to Support the Verdict.

■ Further, Sofarelli contends that Judge Coleman erred in refusing to grant the instruction, offered by Sofarelli, directing a verdict of the jury in favor of Sofarelli, on the ground that Elgin had not offered evidence sufficient to entitle him to a recovery. This contention, too, is lacking in merit.

Elgin clearly set forth the theory of his case. He claimed a definite breach of the contract by Sofarelli and Elgin elected to sue, discarding the contract, in quantum meruit to recover the reasonable value of the services performed, and materials fur-

nished, by him to Sofarelli. See Hipple v. Mason, 147 Md. 94, 127 A. 383. Sofarelli, on the other hand, claimed that Elgin, without justifiable excuse, failed to complete the work, thereby breaching the contract, and that Sofarelli was entitled to recover from Elgin and Fidelity, the excess costs involved in the completion of the work by Sofarelli.

It would serve no useful purpose, we think, to set forth either chronologically or in detail the disputes and bickerings between Sofarelli and Elgin during the progress of the work. Nor need we review the many items of evidence, often in very sharp conflict, introduced by each of the parties. The issue was properly submitted to the jury, under accurate and precise instructions, by Judge Coleman. The jury found in favor of Elgin and there is, in the record, more than substantial evidence to support this finding.

### (3) Overhead As An Item of Damages.

Sofarelli objects to the instruction of Judge Coleman as to the inclusion of overhead charges in the damages which Elgin might recover. This instruction is somewhat ambiguous. First, Judge Coleman charged the jury that all the items of damage set forth by Elgin (which included a 10% charge for overhead) were proper with the exception of profit, thereby impliedly including overhead. Then Judge Coleman enumerated seriatim the various items of damages which the jury might allow, but overhead was not included in this list of items of damage expressly mentioned, from which it might be inferred that Judge Coleman meant to exclude overhead.

We think the allowance of overhead as an item of recovery here is entirely proper. And we are not willing to say that an allowance of 10% is either arbitrary or unreasonable. See United States v. Behan, 110 U.S. 338, 4 S.Ct. 81, 28 L. Ed. 168; Dravo Contracting Co. v. James Rees & Sons Co., 291 Pa. 387, 140 A. 148; Grand Trunk Western Ry. Co. v. H. W. Nelson Co., 6 Cir., 116 F.2d 823; Elias v. Wright, 2 Cir., 276 F. 908; H. E. Crook Co., Inc., v. United States, 59 Ct.Cl. 348.

Even, however, if the instruction on the subject of overhead be regarded as erroneous, Sofarelli is not in a position to raise this question on appeal. No objection to this portion of the charge was made when Judge Coleman asked counsel for any exceptions to his charge. See Federal Rules of Civil Procedure, rule 51: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

### (4) Admission in Evidence of the Rosenstock Letter.

The contention is made by Sofarelli that Judge Coleman erred by admitting in evidence the letter, dated December 17, 1940, written by Mr. Rosenstock, counsel for Elgin, to Sofarelli. This letter, Sofarelli insists, was a pure self-serving declaration, written in an effort to cover up the breach of the contract on the part of Elgin. We think this contention is without merit.

The letter in question was in reply to a letter sent to Elgin by Sofarelli. The Rosenstock letter expressed regret that no representative of Sofarelli had attended a previously called conference and voiced the hope that Mr. Peter Sofarelli, President of Sofarelli Brothers, Incorporated, would attend a conference scheduled for two days later. Then the letter went on to deny, with reasons for this denial, certain statements in the Sofarelli letter of December 14, 1940. And the letter closed with the statement that, lacking further satisfactory assurances by Sofarelli, Elgin would be forced to take such action as would be found necessary to protect his rights.

The Rosenstock letter, in the sequence of correspondence between Sofarelli and Elgin, did shed, we think, some light on the whole troubled picture, which the jury was entitled to receive for what it might be worth. We do not regard the letter as a mere self-serving declaration.

But even if we did regard the letter as inadmissible, we think its admission, under all the circumstances of the instant case, would fall far short of constituting reversible error. See Federal Rules of Civil Procedure, rule 61.

### (5) The Validity of the Time Limitation in the Bond.

The bond executed in favor of Sofarelli by Elgin, as principal, and Fidelity, as surety, contained this condition: "In no event shall the Surety be * * * subject to any suit, action or other proceeding thereon that is instituted later than the 15th. day of May, 1941." The action against Fidelity,

as third-party defendant was not commenced until August 28, 1941, which is more than three months after the date specified in the bond for institution of suit. This bond was a mere private contract between the parties thereto; the bond was not required by any statute or public authority.

Sofarelli insists, while Fidelity denies, that this limitation, fixing a precise and arbitrary date, regardless of how future developments may affect the situation, is utterly unreasonable and is hence invalid and should not be enforced. Since the views we have expressed are quite sufficient, we think, to dispose of the case, and to justify an affirmance of the judgment below, we do not feel called upon to decide the instant question.

We, accordingly, affirm the judgment of the District Court.

Affirmed.