991 F.2d 789
 25 Fed.R.Serv.3d 901
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thomas Franklin HOHMAN, Plaintiff-Appellant,
v.
James H. DUNNING, Sheriff; John Griggs, Captain, James T.
Robey, Lieutenant; Robert C. McMullin, Deputy Sheriff;
Angela Vann, Deputy Sheriff; Unknown Medical Physicians;
Unknown Defts, Alexandria City Jail, Defendants-Appellees.
 No. 91-7304.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 8, 1992.
Decided April 15, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria (CA-89-1747-AM), Albert V. Bryan, Jr., Senior District Judge.
 Thomas Franklin Hohman, pro se.
 Jack L. Gould, Fairfax, VA, Jeff Wayne Rosen, Adler & Rosen, P.C., Virginia Beach, VA, for defendants-appellees.
 E.D.Va.
 REVERSED AND REMANDED.
 Before WIDENER and HALL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Thomas F. Hohman appeals from the district court's order dismissing his 42 U.S.C. § 1983 (1988) action after an evidentiary hearing before a magistrate judge under 28 U.S.C.A. § 636(b)(1)(B) (West Supp.1991). Hohman, a prisoner who brought suit over an altercation at the Alexandria Adult Detention Center when he was a pretrial detainee, challenges the district court's reversal of portions of the magistrate judge's recommendation in his favor on an excessive force claim against a deputy sheriff. Our review on this appeal will not reach those questions as the record discloses that Hohman's frequent demands for a jury trial met the spirit, if not the letter, of Rule 38, Fed.R.Civ.P., and should not have been ignored. Because of this error we reverse and remand for a new trial.
 
 
 2
 Hohman filed his complaint against the Alexandria, Virginia, sheriff, several deputies, and others alleging his constitutional rights were violated during and after a fracas at the facility on February 14, 1989, when a deputy allegedly cut him with a razor. On fifteen separate court papers Hohman served on the Defendants before they filed an answer, he indorsed a jury demand by means of a caption ("Jury Trial Demanded") typed or written in the upper right-hand corner of the first page. Within ten days of the Defendants' answer, Hohman served and filed two additional papers which contained a jury demand indorsement. Hohman also filed two papers styled as formal jury demands before the Defendants answered, but neither complied with a local court rule requiring proof of service.
 
 
 3
 In spite of Hohman's requests for a jury, the district court referred all remaining triable issues in the case to a magistrate judge. The district court order recited without explanation that Hohman's jury demand appeared untimely. The magistrate judge later held an evidentiary hearing and listened to the testimony of seventeen witnesses. His report found in Hohman's favor on only one issue--an excessive force claim against one deputy sheriff. The magistrate judge recommended a damage award of $1000. The district court reviewed the magistrate judge's report de novo after both sides filed objections. The district court entered judgment for Defendants after rejecting the magistrate judge's findings on the deputy sheriff's use of force.
 
 
 4
 A litigant involved in a § 1983 action seeking legal relief has a right to a jury trial on those issues. Amburgey v. Cassady, 507 F.2d 728, 730 (6th Cir.1974). Where the right has been properly demanded, it cannot be denied by referral of the case to a magistrate judge for an evidentiary hearing. See McCarthy v. Bronson, 59 U.S.L.W. 4441, 4443 (U.S.1991). A party in federal court must abide by Fed.R.Civ.P. 38's provisions for demanding a jury trial or risk waiving that right. Fed.R.Civ.P. 38(d).
 
 
 5
 Rule 38 provides that any party with a right to a jury trial may demand a jury by serving other parties with a written notice within a prescribed time period and then filing that notice with the court. Fed.R.Civ.P. 38(b), (d); 5(d). The demand notice must be filed "at any time after the commencement of the action and not later than ten days after the service of the last pleading directed to" an issue triable by jury. Fed.R.Civ.P. 38(b); see Stewart v. RCA Corp., 790 F.2d 624, 629 (7th Cir.1986) (date of answer, not motion to dismiss, governs). The jury demand may also be "indorsed" or captioned on a party's pleading. Fed.R.Civ.P. 38(b).
 
 
 6
 Hohman's two formal jury demands did not include a certificate of service as required by a local court rule. But fifteen separate court papers Hohman served on the Defendants before they filed an answer, and two court papers Hohman served within ten days of the answer, contained a jury demand captioned as an indorsement.
 
 
 7
 The district court's order striking Hohman's jury demand and scheduling the evidentiary hearing did not explain why Hohman's jury demands, on papers filed with the court within the period allowed by Rule 38(b), appeared untimely. Although Hohman's many jury demands were not made in exact compliance with Rule 38, technical perfection of jury demands is not necessarily required. Gargiulo v. Delsole, 769 F.2d 77, 78-79 (2d Cir.1985). Pro se filings should be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). In light of Haines v. Kerner, the district court should have liberally construed Hohman's jury demands or indorsements as meeting the spirit of Rule 38, especially since the Defendants were timely served with the jury demand indorsements and would have suffered no prejudice. See Favors v. Coughlin, 877 F.2d 219, 220 (2d Cir.1989) (a timely served civil docket cover sheet indicating a jury was demanded may be proper as a jury demand when that cover sheet is also served on opponents, though no timely service in instant case); Merritt v. Faulkner, 697 F.2d 761, 766-67 (7th Cir.), cert. denied, 464 U.S. 986 (1983); Sofarelli Bros. v. Elgin, 129 F.2d 785, 787 (4th Cir.1942). Hohman never waived his right to a jury trial. In fact, he filed another jury demand with the court on the same day the magistrate judge conducted the evidentiary hearing.
 
 
 8
 We conclude that the district court abused its discretion in denying Hohman a jury; we reverse and remand to the district court for a jury trial on all issues outstanding at the time of the evidentiary hearing before the magistrate judge. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 REVERSED AND REMANDED.